**Charles LONDON, Appellant,**

v.

**FAIRBANKS MUNICIPAL UTILITIES, EMPLOYERS GROUP and Alaska Workmen's Compensation Board, Appellees.**

**No. 1155.**

Supreme Court of Alaska.

Aug. 14, 1970.

Millard F. Ingraham, Ingraham & Niewohner, Fairbanks, for appellant.

Charles Hagans, Hagans & Opland, Anchorage, for appellees.

Before BONEY, C. J., DIMOND, RABINOWITZ, and CONNOR, JJ., and THOMAS B. STEWART, Superior Court Judge.

## OPINION

BONEY, Chief Justice.

Appellant, Charles London, seeks an interpretation of certain provisions of our Workmen's Compensation Act governing compensation of losses resulting from temporary partial disability.[1] The facts of the case are not disputed, a stipulation having been set forth by the parties on appeal. During the summer of 1966, Charles London suffered an industrial accident while in the course of his employment with Fairbanks Municipal Utilities. As a result of the accident, London was totally disabled for some time. While working for Fairbanks Municipal Utilities, London received an average monthly wage of $1,200.00; since his accident he has been fully compensated under the Alaska Workmen's Compensation Act for his period of total disability. Following his accident London left Fairbanks, traveling to Washington. On January 11, 1967, London began working in Redmond, Washington, at an average monthly wage of $700. On November 13, 1967, London terminated his employment in Washington and returned to Alaska, where he filed an application for adjustment of claim before the Alaska Workmen's Compensation Board. London asserted that it had been necessary for him to take the job in Washington at an average salary less than that which he had received in Fairbanks because he was required to be near Seattle for treatment of conditions resulting from his Fairbanks accident.

London thus claimed that he was entitled, under the Alaska Workmen's Compensation Act, to receive compensation for temporary partial disability for the period of time he spent in Washington. After a hearing on the matter, the Workmen's Compensation Board rejected London's application. In reaching its decision, the Board avoided finding whether London's employment in Washington was attributable to temporary partial disability; instead, the Board concluded only that London would not under any circumstances be entitled to compensation for temporary partial disability since his average weekly wages exceeded $153.85. The Board explained its decision in the second paragraph of its conclusions of law:

The Board finds that the Act provides for temporary total disability compensation payments of 65% of the average weekly wage but not to exceed $100. *This means that compensation is not paid for loss of that portion of an injured workmen's earnings exceeding $153.85.* The applicant was able to earn wages of $700 a month or $161 a week after injury and the Board concludes that he is not entitled to temporary partial disability compensation for the period he has claimed. To rule otherwise, would find the applicant entitled to as much compensation, even though he was able to work and receive wages, as he was receiving in compensation while totally disabled. Provided his earnings, while temporarily and partially disabled, were less than $153.85

---

1. The relevant provisions of the Alaska Workmen's Compensation Act are AS 23.30.175(a) and AS 23.30.200. At the time relevant to this appeal, AS 23.30.175 (a) provided:

Compensation for temporary disability or permanent partial disability may not exceed $100 a week and may not be less than $18 a week. If the employee's average weekly wages, as computed under § 220 of this chapter, are less than $18 a week, he shall receive as com-

pensation for temporary disability his average weekly wages.

AS 23.30.200 provides:

In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be 65 percent of the difference between the injured employee's average weekly wages before the injury and his wage earning capacity after the injury in the same or another employment, to be paid during the continuance of the disability, but not to be paid for more than five years.

the Board would look with favor towards [sic] awarding temporary partial disability at the rate of 65% of the difference between the actual earnings and $153.85 a week maximum earnings for which compensation can be considered. (Emphasis added.)

London appealed this decision to the superior court, Fourth Judicial District; acting on a motion for summary judgment, the court affirmed the Board's decision and entered judgment in favor of the appellees. London then appealed to this court. The sole legal issue which we face on this appeal is whether the provisions of our Workmen's Compensation Act governing compensation for temporary partial disability were correctly interpreted by the Board to limit recovery to instances where weekly wages earned by the partially disabled worker fall below $153.85.

In construing the Alaska Workmen's Compensation Act as it did, the Board was apparently guided by its conception of the relationship between temporary partial and temporary total disability. At the time London filed his application with the Board, AS 23.30.175(a) provided for a maximum recovery of $100 weekly to be paid to temporarily partially or temporarily totally disabled workers. According to AS 23.30.185, compensation for temporary total disability is calculated on the basis of 65% of the worker's average weekly wages. Under AS 23.30.200, temporary partial disability is compensated at 65% of the difference between the injured worker's average weekly wages before the injury and his weekly wage earning capacity after the injury.

Under the statutory provisions existing at the time relevant here, an injured worker suffering from a temporary *total* disability would thus have received a maximum of $100 in weekly compensation if his average weekly wage had been at least $153.85; this follows because $100 is 65% of $153.85. Similarly, a worker incurring

temporary *partial* disability would have been entitled to the maximum compensation of $100 weekly if the decrease in his wage earning capacity attributable to his injury amounted to $153.85 weekly. This is as far as the language of the Alaska Workmen's Compensation Act went in limiting the extent of recovery for temporary total and partial disability.

But in the present case the Board set out an additional limitation of the amount recoverable for temporary partial disability. Apparently, the Board reasoned that if the *totally* disabled worker could receive compensation under our statutory provisions only for the first $153.85 of his average weekly wages, it would be unfair to allow a worker who was only *partially* disabled to recover compensation for any decrease in wage earning capacity attributable to an average weekly income of more than $153.85. Applying its logic to the facts of this case, the Board noted that London had earned an average of $1,200.00 monthly (slightly less than $300 weekly) prior to his accident, and that he earned $700 monthly (or $161 weekly) after being partially disabled. From these figures, it is obvious that any decrease in wage earning capacity suffered by London would fall below the Board's maximum compensable average wage of $153.85 weekly. On this basis, the Board concluded that London would under no circumstances be entitled to compensation.

In reviewing the Board's conclusion, we must note initially that the language of the Alaska Workmen's Compensation Act is clear and unambiguous with regard to compensation for temporary partial disability. The appellees have argued that since this is a case of first impression, the Board was faced with the necessity of interpreting the Workmen's Compensation Act in accordance with its views of the policies underlying the provisions in question. The appellees have argued further that the interpretation made by the Board is a reasonable one, and that this court is

therefore bound to accept it.[2] We disagree.

There is absolutely no indication in the statutory provisions that any limit beyond the $100 weekly maximum was intended. Adherence to the express statutory language would indicate that any decrease in wage earning capacity due to temporary partial disability would be compensable up to $100 weekly. The Board's action in adding the $153.85 limitation to the statute was therefore the result of an independent determination based upon the Board's belief that the policies underlying temporary partial and temporary total disability were closely interrelated. In effect the Board simply decided to insert an additional restriction into the statutes governing temporary partial disability.

It is a rudimentary principle of workmen's compensation law that there are four separate and distinct categories of compensable disability: (1) temporary total, (2) temporary partial, (3) permanent partial, and (4) permanent total.[3] Compensation for each category of disability reflects a unique set of policy considerations.[4] For example, in Alaska Industrial Board v. Chugach Electric Ass'n, 356 U.S. 320, 78 S.Ct. 735, 2 L.Ed.2d 795 (1958), the United States Supreme Court held that under the Alaska Workmen's Compensation Act recovery of money for permanent total disability would not preclude subsequent compensation for temporary total disability. We think, then, that it was improper for the Board to presume that the amount of compensation afforded under our act to a totally disabled worker should limit in scope the recovery available to one who is partially disabled.[5]

The language of Gorman v. Atlantic Gulf and Pacific Co., 178 Md. 71, 12 A.2d 525, 527 (1940), is appropriate in this case:

Temporary total disability and a permanent total disability, a temporary partial disability and a permanent partial disability are four different compensable results; and the measure of the compensation to be appropriately awarded in these instances as they may occur is not for the court to create nor to change.

Where, as here, the statutory mandate is clear and would allow compensation, it is improper for the Workmen's Compensation Board to inject its own views on the policies underlying the Workmen's Compensation Act by imposing additional restrictions on the statutory language. It was similar-

---

2. The appellees have cited numerous cases for the proposition that this court must accept any reasonable statutory construction of the Workmen's Compensation Board. It is contended that our recent decisions such as Pan Am. Petroleum Corp. v. Shell Oil Co., 455 P.2d 12 (Alaska 1969), and Sherman v. Holiday Constr. Co., 435 P.2d 16 (Alaska 1967), are binding upon us in this respect. However the cases cited by the appellees are distinguishable from the present case in that they dealt with situations where undefined or ambiguous terms existed in the statutory language. As we note in the text, there is nothing at all ambiguous or undefined in the statutory provisions now in question, and there was nothing to prevent the Board from following the express wording of AS 23.30.175 and AS 23.30.200 without additional interpretation.

3. 2 A. Larson, The Law of Workmen's Compensation § 57.10 at 5 (1969).

4. Id.

5. We must further comment that the statutory construction adopted in this case by the Board would lead to the peculiar result that an award of the maximum amount of $100 compensation for temporary partial disability would be mathematically impossible. Adherence to the view taken by the Board would thus render superfluous the express statutory provision for a maximum amount of $100 weekly compensation for temporary partial disability. This result would in itself cast doubt upon the Board's interpretation, since it is well settled that in applying statutes, we must attempt to adopt constructions which preserve the usefulness of statutory language. See Sherman v. Holiday Constr. Co., 435 P.2d 16, 19 (Alaska 1967).

ly error on the part of the court below to affirm the decision of the Board.[6]

Accordingly, the superior court's judgment is reversed and this matter is remanded to it. The superior court is ordered on remand to enter summary judgment in favor of the appellant and to remand the case to the Workmen's Compensation Board for determination in a manner consistent with the views expressed in this opinion of the merits of appellant's application.

---

6. The appellees have also argued that even if the Workmen's Compensation Board was incorrect in its statutory construction, its rejection of London's application was not improper since there was no evidence presented to show that London suffered any decrease in wage earning capacity. We need not consider this argument since, according to the stipulation of the parties on appeal, we are to assume that the average wages earned by London in Washington—$700.00 monthly—represent his earning capacity after the accident.

At any rate, the appellees' position appears to be untenable since it is uniformly recognized that actual wages will serve as a basis for determining wage earning capacity unless it is shown that the wages are in some respect inadequate as a gauge of earning capacity. AS 23.30.210(a) provides in part:

In a case of partial disability * * * the wage earning capacity of an injured employee is determined by his actual earnings if the actual earnings fairly and reasonably represent his wage-earning capacity.

See 2 A. Larson, The Law of Workmen's Compensation § 57.21 (1969).