## John ABSHER, Appellant,

### v.

### STATE of Alaska, DEPARTMENT OF HIGHWAYS and Employers Insurance of Wausau, Appellees.

### No. 1468.

Supreme Court of Alaska.

Sept. 11, 1972.

L. Ames Luce, Anchorage, for appellant.

Richard A. Helm and Theodore M. Pease, Jr., Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, and ERWIN, JJ.

## OPINION

CONNOR, Justice.

At issue in this workmen's compensation appeal is the method by which a lump sum award should be computed for an unscheduled permanent partial disability.

In the proceedings before the Alaska Workmen's Compensation Board the evidence showed that appellant, as a result of a compensable industrial accident, suffered a disability of his back of 15 or 16 percent. The board decided that this represented a 20 percent loss of earning capacity for appellant. He was awarded a lump sum of $3,400 for his permanent partial disability. This amount was arrived at by multiplying the 20 percent loss of earning capacity by $17,000, which is the maximum total amount payable in cases resulting in permanent partial disability.[1]

Absher appealed to the superior court, which affirmed the board's award. We are asked to reverse. Absher contends that the lump sum award should have been

---

1. SLA 1959, ch. 193, § 13, at the time of the board's proceeding read as follows:

"The total compensation payable under this chapter for injuries may in no event exceed the sum of $20,000. This subsection does not apply to cases of permanent total disability or death. In a case of disability compensable under § 190(20) [permanent partial disability] of this chapter, the total compensation for that disability, and for a temporary total disability or temporary partial disability sustained in addition to it, may not exceed in the aggregate the sum of $17,000."

computed on the basis of his average weekly wage, rather than by multiplying the maximum amount payable by a percentage of decreased earning capacity.[2]

In this case we must again construe AS 23.30.190(20) which, after describing maximum benefits for a variety of scheduled injuries, provides for unscheduled permanent partial disability compensation in the following terms:

> "[I]n all other cases in this class of disability the compensation is 65 per cent of the difference between his average weekly wages and his wage-earning capacity after the injury in the same employment or otherwise, payable during the continuance of the partial disability, but subject to reconsideration of the degree of the impairment by the board on its own motion or upon application of a party in interest; *whenever the board determines that it is in the interest of justice, the liability of the employer for compensation, or any part of it as determined by the board, may be discharged by the payment of a lump sum . . . .*" (emphasis added).

The italicized portion of the quoted statute was added to the previous text by a 1968 amendment, SLA 1968, ch. 174, § 1. The earlier language was construed in Sherman v. Holiday Construction Co., 435 P.2d 16 (Alaska 1967), which held that the award of a lump sum benefit, computed in a manner identical to that employed in the instant case, was proper.

Appellant asks that we reexamine *Sherman* in the light of the dissent in that case by Mr. Justice Dimond. The dissent argued that AS 23.30.190(20), as it existed before the 1968 amendment, should be given a literal interpretation. This would have required that the compensation award be based on average weekly wage, even if such a reading could cause a workman with an unscheduled disability to recover a larger amount than one

who had suffered a more serious scheduled injury.

■ To the extent that the dissent expressed the view that a literal interpretation must be given to an unambiguous section of the Workmen's Compensation Act, it has become recognized in Alaska. London v. Fairbanks Municipal Utilities, Employers Group, 473 P.2d 639 (Alaska 1970). That does not, however, provide a solution in the case before us. AS 23.-30.190(20), while clearly permitting the payment of a lump sum, does not state how the sum should be computed. We will accept the reasonable construction of the board where undefined or ambiguous terms appear in the statutory language. London v. Fairbanks Municipal Utilities, Employers Group, 473 P.2d at 641-642.

■ The 1968 amendment, providing for lump sum awards, was obviously enacted to provide for a reconciliation between the portions of the statute dealing with scheduled permanent partial disability and the provisions concerning unscheduled permanent partial disability such as was suffered by the appellant. Because the legislature could not schedule every type of partially disabling injury, it provided a mechanism that was lacking under the original statute to bring awards in unscheduled permanent partial disability cases in line with those where scheduled compensation is provided, when the use of the first part of AS 23.30.190(20) would produce an unreasonable result.

If lump sum awards are to be computed by the use of an average weekly wage, the statute is left with the same defect that existed before the amendment. In a case where the loss is unscheduled there is no fixed number of weeks during which compensation shall be paid. Therefore, if we accepted the appellant's proposal, we would be faced with the anomalous situation that a workman with an unscheduled injury would often recover a great-

---

2. Absher was earning $947.00 per month at the time of the injury. His average weekly wage amounted to $229.00.

er award than would a workman with a much more serious scheduled injury.

As appellee points out, AS 23.30.220 provides that compensation should be computed on the basis of average weekly wage except where the statute provides otherwise. The allowance of a lump sum payment in AS 23.30.190(20) does provide otherwise. While the legislature did not adopt a formula for computing lump sum payments, it may reasonably be inferred that this was left to the discretion of the board. There is no showing of an abuse of this discretion. The board's decision to base the lump sum award on the relationship between impaired earning capacity and the statutory maximum award is a reasonable one. This method of computation is the same as that for a scheduled injury of comparable degree of impairment. In addition it avoids the unreasonable result of a disparity in awards between scheduled and unscheduled injuries. We find no error. The board's decision should be affirmed.

Affirmed.

BOOCHEVER, J., not participating.