Elster S. HAILE, Appellant,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., et al., Appellees.

No. 1642.

Supreme Court of Alaska.

Jan. 26, 1973.

Peter R. Ellis, Ketchikan, for appellant.

Clifford H. Smith, of Ziegler, Ziegler & Cloudy, Ketchikan, for appellees.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

BOOCHEVER, Justice.

RABINOWITZ, Chief Justice, and ERWIN, Justice, concurring in part and dissenting in part.

The principal dispute in this appeal hinges on the question of whether the attorneys in these workmen's compensation cases are entitled to a minimum attorney's fee based on 25 percent of the first $1,000 of compensation awarded and 10 percent of all sums in excess thereof or, in the alternative, whether the Board was authorized to award a reasonable attorney's fee without regard to such minimum provisions. In cases such as the instant one, where three death claims are involved, the minimum attorney's fees could well exceed $15,000, whereas reasonable fees for the services involved would be a much smaller sum.

This case arose out of the death of the Captain, First Officer and Flight Engineer of a Pan American World Airways aircraft which crashed on take-off at Anchorage, Alaska, on December 26, 1968. The deceased were residents of California. Applications for workmen's compensation benefits were filed under the Alaska Workmen's Compensation Act in February 1969 and the matter was set for hearing on May 8.

The record gives no indication that the employer ever controverted the claim. AS 23.30.155(d) specifies:

> If the employer controverts the right to compensation he shall file with the board on or before the 14th day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the board, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.

Such notice was not filed. Furthermore, prior to the hearing, the employer sent a telegram to the Board specifically stating that the "defendants are not contesting any of the three claims in question. . . ."

Resolution of the dispute as to allowable attorney's fees depends upon the construction of several provisions of the Alaska Workmen's Compensation Act. The principal section in question is AS 23.30.145.[1]

---

1. AS 23.30.145 as in effect as of the time of the deaths provided:

(a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

(b) If an employer fails to file timely notice of controversy or fails to pay compensation within 15 days after it becomes due or otherwise resists the payment of compensation, and if the claimant has employed an attorney in the successful prosecution of the claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation awarded.

Subsection (a) thereof provides for the award of a minimum attorney's fee and specifies:

> . . . When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; *the fees may be allowed only on the amount of compensation controverted and awarded.* . . . (Emphasis added.)

■ Thus, the award of the minimum statutory fees applies only in cases where a claim has been controverted.

In the subject cases, the defendants failed to respond to the claim or to pay compensation prior to the Order of the Board. AS 23.30.145(b) expressly provides for the very situation here involved where "an employer fails to file timely notice of controversy or fails to pay compensation within 15 days after it becomes due or otherwise resists the payment of compensation. . . ." Under those circumstances, the Board " . . . shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee."

■ It is to be noted that subsection (b) makes no reference to the award of a minimum fee, but refers only to the allowance of a *"reasonable* attorney fee." (Emphasis added.) Had the legislature intended the minimum fee provision to apply to subsection (b), it would have been a simple matter to have so specified. The failure to do so, coupled with the illogic of awarding a fee which may be out of all proportion to the services performed, dictates a construction of subsection (b) as being separate and distinct from the minimum fee provision of subsection (a).

We are still confronted with the question of whether the claims may be regarded as "controverted" so as to come under subsection (a). One of our dissenting brethren concludes that the delay in making payment constitutes a controversion of the claim. He refers to the case of Wilson v. Erickson [2] which held that failure to comply with the statute concerning payment of claims for an extended period of time will be considered for the purpose of imposing penalties. Apparently based on this holding, it is concluded that delay in making payment constitutes a controversion of the claim so as to mandate an award of minimum attorney's fees. Such a conclusion, however, is non sequitur. The Workmen's Compensation statute provides for penalties for late payment.[3] It does not state that additionally, the defendant shall be penalized by award of an outlandish attorney's fee. In construing the applicable sections of the act, concern for the injured employee is misplaced, as the fees go to the attorney, not the employee.

■ AS 23.30.155(e) expressly covers situations where employers fail to make payment of compensation without an award within 14 days after such compensation is due. A 20 percent penalty is added to the unpaid installment unless excused by the Board based on a showing by the employer that the installment could not be paid owing to conditions beyond its control. In the subject case, the Board did not impose the penalty, finding that the conditions causing the delay were beyond

(c) If proceedings are had for review of a compensation order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation ordered and shall be paid as the court may direct.

2. 477 P.2d 998, 1004 (Alaska 1970).

3. AS 23.30.155(e) provides:
   If any installment of compensation payable without an award is not paid within 14 days after it becomes due, as provided in (b) of this section, there shall be added to the unpaid installment an amount equal to 20 per cent of it, which shall be paid at the same time as, and in addition to, the installment, unless notice is filed under (d) of this section or unless the nonpayment is excused by the board after a showing by the employer that owing to conditions over which he had no control the installment could not be paid within the period prescribed for the payment.

the employer's control. No appeal has been taken from that ruling so that it is not before us for consideration. The employer's delay in making payment which, based on the finding of fact in this case was due to conditions over which it had no control, cannot be equated to a controversion of the claim.

■ The attorneys who represented the claimants are certainly entitled to an award of reasonable fees. That is provided for by the act. But there is no reason why they should receive a sum out of all proportion to the services performed. Alaska's provision allowing attorney's fees is unique in its generosity to the claimants and their counsel.[4] It, however, does not provide that a delay in payment, by itself, constitutes a controversion of the claim justifying the award of the minimum fees. There is no justification for adding such provision to the comprehensive terms of the act.

Further, the Board which has administered this same act over many years, found that subsection (b) of AS 23.30.145 requiring the award of costs "including a reasonable attorney fee" was applicable, rather than the provision of subsection (a) which called for a minimum fee in controverted cases. As recently as September of this year, we held that: "We will accept the reasonable construction of the board where undefined or ambiguous terms appear in the statutory language."[5] If there is ambiguity in the statutory provisions, the Board's construction appears eminently reasonable.

■ The Board, however, failed to award costs to the claimants. AS 23.30.-145(b) requires the awarding of *"costs* in the proceedings, including a reasonable attorney fee." (Emphasis added.) Also, counsel for claimants contend that they were not afforded a hearing on the issue of the amount of attorney's fees that would be reasonable in the subject case considering the time expended and the results obtained. Accordingly, the case is remanded to the Board for a hearing and determination of the proper amounts to be awarded for costs and attorney fees.

Remanded.

RABINOWITZ, Chief Justice (dissenting in part, concurring in part).

I dissent from the court's holding that AS 23.30.145(a) requires the Alaska Workmen's Compensation Board to approve the minimum attorneys' fees therein provided for only in instances of controverted claims.

In my view, the first sentence of AS 23.-30.145(a) prescribes the formula by which the Board is to determine minimally acceptable attorneys' fees in all cases, regardless of whether the employer controverts the employee's compensation claim or otherwise resists payment of compensation. While the first sentence of AS 23.30.-145(a) sets the minimum attorneys' fees in all cases, the fourth sentence gives the Board discretion, in conformity with stated criteria, to approve greater than the minimum fees in appropriate cases. It is clear that the first sentence of AS 23.30.145(a) is not limited by a controversy requirement since it is only concerned with the amount of compensation awarded.

The second sentence of AS 23.30.145(a) provides that: "When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded." Thus, this provision determines when the Board may require the employer or carrier to pay attor-

4. Professor Larson points out the difficulty in attempting to rely on decisions from other states in discussing the award of attorney's fees under workmen's compensation acts. 3 Larson, Workmen's Compensation Law § 83.14 (1971).

5. Absher v. State, 500 P.2d 1004, 1005 (Alaska 1972), citing London v. Fairbanks Municipal Util. Emp. Group, 473 P.2d 639 at 641–642 (Alaska 1970).

neys' fees in addition to the compensation awarded. The fees are determined under either the minimum fee schedule of the first sentence of AS 23.30.145(a) or the greater reasonable fee provision of the fourth sentence of AS 23.30.145(a). And in the case of controversy, the employer or carrier may be required to pay the attorneys' fees only on the compensation controverted and awarded. The third sentence of AS 23.30.145(a) requires that when bona fide legal services have been rendered in respect to a claim which has not been controverted, "then the board shall direct the payment of the [attorneys'] fees out of the compensation awarded."

From the foregoing, I think it reasonable to assume that under AS 23.30.145(a) the legislature provided for minimally reasonable attorneys' fees in all cases in order to ensure that claimants might obtain effective representation. It is also reasonable to assume that the legislature divided the burden of paying attorneys in this fashion because the employer's controversion of the claim often requires the employee to retain legal services. Thus, the employer is required to pay the attorneys' fees relating to the unsuccessfully controverted portion of the claim because he created the employee's need for legal assistance. When the claim is uncontroverted, but the employee desires legal representation, the employee is required to pay the attorneys' fees out of his compensation award.

Subsection (b) of AS 23.30.145 also plays a role in allocating the burden of paying attorneys' fees in compensation proceedings. When the employer fails to file a timely notice of controversy, or fails to pay compensation within 15 days after it becomes due, or otherwise resists the payment of compensation, such conduct may require the employee to hire counsel in order to successfully prosecute his claim for compensation. In my view, the case at bar illustrates such behavior and comes within subsection (b) of AS 23.30.145. Under this subsection, the employee is partially or totally reimbursed "for his costs in the proceedings, including a reasonable attorney fee." This award of costs and attorneys' fees under AS 23.30.145(b) is in addition to the compensation awarded and is intended as reimbursement. Under subsection (b), the Board is empowered to determine what is a reasonable attorneys' fee for purpose of awarding the claimant reimbursement for attorneys' fees which have been determined and awarded under subsection (a) and which are payable out of the compensation awarded.

While I disagree with the court's interpretation of subsection (a), I concur in the holding that the case should be remanded to the Board for an appropriate hearing on the question of attorneys' fees to be awarded under subsection (b).

ERWIN, Justice (dissenting in part, concurring in part).

The majority finds that the statutory minimum attorney fee provision set forth in AS 23.30.145 is applicable in all controverted claims, and that the claims herein were not controverted so the provision did not apply.

While I concur in the holding regarding the applicability of the attorney fee provision, I do not agree that the subject claims were uncontroverted.

Appellee contends that it filed no notice of controversion and it agreed to pay compensation the day before the hearing on the question of compensation,[1] thus this

1. The Workmen's Compensation Board sent the following telegram:

Re Johannes Markestein, James Skellenger and Arthur Moen All Deceased against Pan American World Airways scheduled for hearings at Ketchikan on May Eight as local counsel for Pan American World Airways and its workmen's compensation insurer Travelers Insurance Company we hereby advise you that the defendants are not contesting any of the three claims in question that employment of the above named defendants on the date of their fatl injuries is admissted and that coverage for the employer and jurisdiction under the Alaskan Compensation Law are conceded defendants further

was not a controverted claim. Appellant, on the other hand, contends that in fact controversion occurred because of the lapse of almost six months from the date of death until May 6, 1969, the date the employer sent a telegram to the Board notifying them that compensation would not be contested. Appellant further notes that no payment of compensation was forthcoming until after the order of the Workmen's Compensation Board dated June 17, 1969.[2]

This court has previously noted that the failure to comply with the statute concerning payment of claims for an extended period of time without reasonable explanation to the Workmen's Compensation Board must be considered for the purposes of imposing penalties.[3] It is an anomaly to hold now that the claims were not controverted where no payments were made from the date of the accident on December 26, 1968, of which appellees immediately received notice, until the order of the Board on June 17, 1969—even though under law such payments must commence within 14 days after notice of the injury or death— and no indication was given to the Board as to the reason for such a delay.[4] I would find as a matter of law that the failure to respond to the claims prior to May 6th constituted a controversion of the claim within the meaning of AS 23.30.-145(a).

A unilateral decision by the employer or its insurance carrier to delay payment in order to make further investigation into the case can only result in hardship to the injured workman and his family. Since the workman's compensation system is a no fault system designed to facilitate payment and ameliorate the hardship which follows on the job injury and the loss of income, only those delays clearly required under the circumstances of a case should be permitted.

The Workmen's Compensation Board is the proper body to decide the competing interests necessary to determine whether delays are necessary as asserted.[5] If no attempt is made to obtain the Board's consent to any delay, then the failure to pay must be taken as controversion in those cases where a substantial amount of time has elapsed without explanation.

The majority opinion takes the position that the delay in question was beyond the control of appellee and that the Board made such a finding. I respectfully disagree with this interpretation of the record. While it is apparent the Board accepted appellee's unsupported allegation that it completed its investigation[6] as soon as possible, the Board based its decision on the interpretation of AS 23.30.155(d) that controversion only occurred where the employer said it occurred. Such an interpretation leaves too little protection for the

agree that awards in the respective cases may be made by your Board without need for formal hearings so far as defendants are concerned and upon the basis of whatever proof the Board itself may require for the issuance of a death award on matters of identity of dependents and extent of dependency the foregoing advices will be confirmed by counsel for defendants at Ketchikan on May eight copy of this telegram is being sent to attorney Elster Haile Hanna and Brophy 444 Market St San Francisco Calif

2. The transcript of the compensation hearing reveals that the insurance carrier was given notice of the claims together with proof thereof prior to the date of filing claims on February 10, 1969.

3. *Cf.* Wilson v. Erickson, 477 P.2d 998, 1003–1004 (Alaska 1970).

4. AS 23.30.155(d).

5. AS 23.30.145 provides that the Board "advises that [when] a claim has been controverted." Such a provision is unnecessary if a unilateral claim by the employer is sufficient to establish whether or not controversion has occurred.

6. It is obvious that appellee had no problem ascertaining the facts concerning the accident. The six month delay was required by defendant to assess its legal position of whether California residents killed in Alaska could claim compensation under the Alaska act.

injured workman and too much to the procrastination of human beings. Every day can impose additional hardship and embarrassment to the claimant and his family who must pay their bills in spite of the injuries or explain why they can't do so to creditors or unsympathetic computers.

In the average case the penalty provisions of AS 23.30.155(e) provide little additional protection to the claimant. Prompt payment in the beginning may avert the disaster that a later large sum payment [including penalty] can never rectify.

While the attorney fee is not payable to the claimant, it does permit him to secure legal counsel to aid in the presentation of his claim. Certainly the lapse of time without any indication by the employer of the reason for the delay can cause the attorney to expend considerable unnecessary effort to cover all the possible contingencies of the case. If the case is considered uncontroverted, the Board has discretion to award attorney's fees for this effort out of the amount awarded to the claimant for his injuries. Thus, the delay can be doubly detrimental to the claimant.

The present result certainly cannot help to encourage attorneys to represent workmen's compensation claimants. An attorney can only get paid the minimum fee for services rendered if he can convince the Workmen's Compensation Board that his services had that value, or the requisite notice of controversy has been filed. If not, the attorney may be awarded proportionally less down to a token attorney fee. Why should an attorney undertake representation in this area of the law when he can set his own fees in all other areas of the law? Why should the claimant want one where delay may actually decrease his award?

Unfortunately, in a large number of claims, no counsel represents the claimant now and they must turn to others without legal training to attempt to present their complaints for them. I view with disquiet this further inroad on the professional responsibilities of lawyers. I feel that the uneven position of a claimant unrepresented by legal counsel who must resolve legal decisions with his employer or his insurance carrier may work to circumvent the purposes of the compensation act.

I concur in the finding that the Board failed to consider the question of costs and that the case should be returned to the Workmen's Compensation Board for that purpose. However, I would also instruct the Workmen's Compensation Board to enter a judgment for the mandatory minimum attorney fee for a controverted case.