Wallace E. BRADLEY, Jr., Appellant,

v.

T. E. MERCER and Alaska Pacific Assurance Company, Appellees.

No. 3057.

Supreme Court of Alaska.

May 13, 1977.

Millard F. Ingraham, Rice, Hoppner & Hedland, Fairbanks, for appellant.

Dennis E. Cook, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellees.

Before BOOCHEVER, C. J., RABINOW-ITZ, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem.

## OPINION

BURKE, Justice.

This appeal presents a single issue, namely: whether an applicant for workmen's compensation benefits is entitled to an award of attorney's fees in addition to his entitlement to compensation for disability, where the compensation carrier does not contest his right to compensation but does contest the computation of average weekly wages for the purpose of fixing the amount of such compensation.

On June 7, 1975, Wallace E. Bradley, Jr., was injured while employed by T. E. Mercer Trucking Company near Fairbanks, Alaska. After being notified of the injury, Mercer's workmen's compensation insurance carrier, Alaska Pacific Assurance Company, promptly began to pay Bradley's medical expenses and compensation at the minimum rate for temporary total disability then applicable, $65.00 per week.[1]  Contending that

---

1.  Bradley had been employed for less than 27 weeks at the time of his injury. For the three preceding years he had been retired. The carrier computed his compensation for temporary total disability according to AS 23.30.175(a) and AS 23.30.220(2). Those sections provide in pertinent part:

AS 23.30.175.  *Rates of compensation.* (a) The weekly rate of compensation for disability or death  .   .   .   may not be less than $65 a week.   .   .   .

AS 23.30.220.  *Determination of average weekly wage.* Except as otherwise provided in this chapter, the average weekly wage of

he was entitled to greater benefits, Bradley filed an application for adjustment of claim with the Alaska Workmen's Compensation Board.[2] The board found that Bradley was entitled to compensation at the maximum allowable rate of $198.40 per week, under AS 23.30.220(3), and therefore ordered that he be paid $1,414.50 as additional compensation, such amount representing the difference between the minimum compensation paid voluntarily by the carrier and the amount to which Bradley was entitled. The order of the board also contained a provision for attorney's fees in the amount of $500.00 but required that such fees be paid out of the compensation awarded to Bradley.

Bradley appealed the issue of attorney's fees to the superior court, contending that he was entitled to attorney's fees in addition to the compensation awarded. The superior court affirmed the board's determination that Bradley's attorney's fees were to be paid out of his compensation award. This appeal followed.

Bradley contends, among other things, that AS 23.30.145(b) entitled him to an award of attorney's fees in addition to his compensation. That section provides:

If an employer fails to file timely notice of controversy or fails to pay compensation or medical and related benefits within 15 days after it becomes due *or otherwise resists the payment of compensation or medical and related benefits and if the claimant has employed an attorney in the successful prosecution of his claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation or medical and related benefits ordered.* (emphasis added)

Appellees argue that since the carrier did not oppose the payment of compensation but objected only to the *amount* of compensation claimed by Bradley, the foregoing section is inapplicable to the case at the bar. We find appellees' argument unpersuasive.

■■■ We hold that when a carrier contests the amount of compensation owed to an injured workman, it "resists the payment of compensation" within the meaning of AS 23.30.145(b). In such cases, if the claimant has hired an attorney in the successful prosecution of his claim, AS 23.30.145(b) entitles him to reasonable attorney's fees in addition to any added compensation that is awarded to him.[3]

REVERSED and REMANDED for entry of judgment in favor of appellant.

---

the injured employee at the time of the injury is the basis for computing compensation, and is determined as follows:

. . . ;

(2) if at the time of the injury the employee has been employed in the same or similar employment for less than 27 weeks immediately before the injury, the average weekly wage is that most favorable to the employee calculated by dividing 52 into the total wages earned, including self-employment, in any one of the three calendar years immediately preceding the injury;

. . . . .

2. Bradley, who had been earning $414.00 per week during his employment with Mercer, contended that the calculation of his average weekly wage under the provisions of AS 23.30.-220(2) would result in undue hardship to him. Thus, he argued that his wages for calculating compensation should be the usual wage for similar services rendered by employees under similar circumstances, as provided by AS 23.-30.220(3). That section provides:

[I]f the board determines that the wage at the time of the injury cannot be fairly calculated under (2) of this section, or cannot otherwise be ascertained without undue hardship to the employee, the wage for calculating compensation shall be the usual wage for similar service rendered by paid employees under similar circumstances, as determined by the board; . . .

3. Cf. Haile v. Pan American World Airways, Inc., 505 P.2d 838 (Alaska 1973).