**ALASKA INTERSTATE (Burgess Construction) and Aetna Casualty and Surety Company, Appellants,**

v.

**Joseph HOUSTON, Appellee.**

**No. 3655.**

Supreme Court of Alaska.

Nov. 17, 1978.

Gordon E. Evans, Ely, Guess & Rudd, Juneau, for appellants.

W. G. Ruddy, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellee.

Randall J. Weedle, Faulkner, Banfield, Doogan & Holmes, Juneau, for Alaska Pacific Assurance Co., amicus curiae.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

MATTHEWS, Justice.

This appeal is from the superior court's reversal of a decision of the Alaska Workmen's Compensation Board which awarded an attorney fee of $1,000 to Joseph Houston pursuant to AS 23.30.145(b).[1] The superior

---

**1.** AS 23.30.145(b) provides:

(b) If an employer fails to file timely notice of controversy or fails to pay compensation or medical and related benefits within 15 days after it becomes due or otherwise resists the payment of compensation or medical and related benefits and if the claimant has employed an attorney in the successful prosecution of his claim, the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation or medical and related benefits ordered.

court disagreed and awarded an attorney fee based on the minimum percentage schedule set out in AS 23.30.145(a), computed on the amount in controversy.[2] We affirm the superior court.

Houston suffered a work related back injury on September 13, 1975. He was paid temporary total disability benefits until he was released for work by his physician on December 8, 1975. He returned to work on February 12, 1976, and was employed until he was terminated on February 28, because of his inability to work satisfactorily as a result of the injury. His physician found his condition to be permanent on April 5, 1976, and estimated his total physical impairment to be 20%. A hearing was held before the Workmen's Compensation Board on September 10, 1976. Houston had received temporary total disability benefits from the date of the injury until he was released for work, December 8, 1975, and from the date of his termination from work, February 28, 1976, through the date of the hearing.

Houston claimed that he was entitled to a permanent total disability rating and that he should receive temporary total disability payments during the period December 8, 1975, through February 12, 1976. The carrier resisted both of these claims, contending on the first that Houston was not totally disabled. The Board found in favor of Houston on each claim. However, it refused to award him percentage attorney fees based on AS 23.30.145(a); instead it granted $1,000 in attorney fees under AS 23.30.145(b), to be paid by the carrier. In justifying this award the Board stated:

> The defendant did resist payment of compensation, and the applicant retained an attorney in the successful prosecution of his case. We find that the applicant's attorney was only required to do a minimal amount of work, and the claim was not complex, but the benefits resulting to the applicant were considerable.

On appeal to the superior court Houston sought and obtained an award of attorney fees pursuant to the formula prescribed by § 145(a).

The carrier's argument is that the minimum attorney fees of subsection (a) may not be awarded unless a formal notice of controversy is filed pursuant to AS 23.30.155(d).[3] It contends that this point was resolved by us in *Haile v. Pan American World Airways, Inc.*, 505 P.2d 838 (Alaska 1973). In *Haile* the carrier had failed to act on a claim for a long period of time. Prior to the hearing, however, the carrier advised the Board that it agreed to the payment of compensation. Four justices participated in *Haile*. Justice Boochever wrote an opinion

---

2. AS 23.30.145(a) provides:
   (a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services

performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

3. AS 23.30.155(d) provides:
   (d) If the employer controverts the right to compensation he shall file with the board on or before the 14th day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the board, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.
   The carrier also argues that the superior court should have dismissed Houston's appeal because it was styled as a complaint rather than as an administrative appeal under Appellate Rule 45. However, except for its title the complaint complied with the rule. We consider this point to be frivolous.

in which Justice Connor joined, which, among other things, rejected the view that a carrier's "delay in making payment constitutes a controversion of the claim so as to mandate an award of minimum attorney's fees." *Id.* at 840. Chief Justice Rabinowitz and Justice Erwin wrote separately. The Chief Justice took the position that § 145(a) attorney fees could be awarded without a controversion. *Id.* at 842. Justice Erwin's view was that the long delay in payment which had occurred was a controversion. *Id.* None of the opinions filed in *Haile* held that a formal notice of controversion is required to make a claim controverted for the purposes of § 145(a).

Section 145(a) requires only that the Board "advises that a claim has been controverted," not that a formal notice of controversy be filed under § 155(d). That latter provision serves the independent concern, not relevant here, of § 155, and does not purport to define when a claim is in fact controverted. To require that a formal notice of controversion be filed as a prerequisite to an award of the statutory minimum attorney fees would serve no purpose that we are able to perceive. It would be a pure and simple elevation of form over substance because the nature of the hearing, the pre-hearing discovery proceedings, and the work required of the claimant's attorney are all unaffected by the existence or not of a formal notice of controversion when there is controversion in fact.[4]

■ The carrier further contends that § 145(a) attorney fees may be awarded only in cases where the right to compensation, as distinct from the amount, is at issue. That position, however, is contrary to the express language of § 145(a) which contemplates controversion "in part." It also conflicts with *J. B. Warrack Co. v. Roan,* 418 P.2d 986 (Alaska 1966). In *Roan,* as here, the

question was whether the claimant's disability was partial or total. The Board had found a total disability and awarded § 145(a) attorney fees. We stated, with specific reference to § 145(a):

> Roan's claim for permanent total disability was controverted [5] by appellants. This means, under the above statute [§ 145(a)], that the Board had the right to direct that fees for legal services be paid in addition to the compensation awarded.

*Id.* at 990.

In *Bradley v. Mercer,* 563 P.2d 880 (Alaska 1977), this court ordered the award of attorney fees under § 145(b) in a case in which a carrier contested the amount of compensation owed to the injured employee. In *Bradley, supra,* however, the manner of computing the attorney fee was not in dispute; the appeal was taken from the Board's decision to require the employee rather than the carrier to pay the fee. As the carrier admits in the present case, controversion of a claim may at the same time also include "an attempt to resist payment of compensation," and therefore arguably be subject to the provisions of § 145(a) and § 145(b). In the instant case the court is asked only to decide whether Houston's claim was controverted for purposes of invoking the fee schedule set forth in § 145(a).

■ Finally, the carrier argues that the minimum fees provided by § 145(a) are much too high in this case and, therefore, we should adopt its construction of the statute to "avoid results which are glaringly absurd."[6] It points out that since the Board awarded Houston $357.59 a week "during the continuance of his total loss of earning capacity," and since 80% of that was contested, Houston's counsel could receive $28.53 a week for the remainder of

---

4. The Supreme Court of Arkansas, interpreting a similar statute, has reached the same conclusion. *Aluminum Co. of America v. Henning,* 543 S.W.2d 480 (Ark.1976).

5. It is not apparent from the opinion or the briefs in *Roan* whether a formal notice of controversion was filed.

6. The carrier does not contend that constitutional issues are presented and we intimate no view on whether at some point the disproportion between the amount of an attorney fee and the value of the services performed might be so great as to raise a constitutional issue.

Houston's life.[7] We do not regard that argument as a persuasive reason for giving a strained and formalistic reading to § 145(a). It is debatable whether a percentage attorney fee of essentially 10% is generally too high. Our Civil Rule 82 grants virtually the same fee to the successful litigant in a contested court case. The 10% fee in workers' compensation cases is contingent. If the claim is lost the attorney is ordinarily unpaid. The most common contingent fee in court actions is 33⅓%. Moreover, the § 145(a) minimum fees have been set where they are by the legislature. It is not part of our function to question the wisdom of legislation, and if the minimum fees are in general too high that is true independent of whether there exists in the file of any given case a formal notice of controversion. Thus, any absurdity that might be said to exist is inherent in the statute and not dependent on any interpretation which might be given it.

AFFIRMED.

---

7. Houston's expected life span is 13 years.