STATE of Alaska, DEPARTMENT OF HIGHWAYS,
Appellant/Cross-Appellee,

v.

Charles E. BROWN,
Appellee/Cross-Appellant.

Nos. 3912, 4374.

Supreme Court of Alaska.

Sept. 21, 1979.

Stephen D. Cramer, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellant.

Lance C. Parrish, Fairbanks, for appellee.

Before RABINOWITZ, C. J., BOOCHEVER, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

DIMOND, Senior Justice.

Charles Brown, a state employee, injured his right knee in a work-related accident in December, 1974. His physician, Dr. Ha, bandaged the knee, gave Brown crutches and advised him to refrain temporarily from working. Brown's condition became worse, which was contrary to his physician's expectations. Dr. Ha then examined him further, and finally diagnosed a giant cell tumor.[1] In the meantime, the state's work-ers' compensation insurance carrier had been making disability payments to Brown. Payments were stopped in January, 1975, when Dr. Ha stated his opinion that a giant cell tumor, such as Brown had, is neither caused nor aggravated by injuries like Brown suffered.

Brown disputed this action by the insurance carrier, secured representation by counsel, and filed an application for adjustment of claim with the Alaska Workmen's Compensation Board in July, 1975. Subsequently, two physicians who had examined Brown concluded that his disability was work-related. Dr. Ha also relaxed his firm opinion that Brown's condition was not related to the injury, and instead indicated a possible relationship between the injury and the condition of Brown's knee. As a result, and without waiting for action by the Workmen's Compensation Board, the compensation carrier paid Brown temporary total disability compensation for the period January, 1975, to January, 1976, in the amount of $10,429.30. Disability payments were thereafter continued by the carrier until Brown had received a total amount of $30,000, which was the statutory maximum at that time for temporary total disability.

There is no controversy between the parties as to the disability payments that Brown was entitled to receive, *i. e.,* the total amount of $30,000. Where the controversy arises is with respect to attorney's fees to which Brown claims he is entitled. Relevant to the disposition of this controversy is the proper application to be made of AS 23.30.145. Sections 145(a) and 145(b) of that statute provide as follows:

(a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct

---

1. According to Dr. Ha, giant cell tumors, which involve the multinuclear cells found in red bone marrow, are generally associated with a certain age group and mostly occur in the knee area.

that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. . . .

(b) If an employer fails to file timely notice of controversy or fails to pay compensation or medical and related benefits within 15 days after it becomes due or otherwise resists the payment of compensation . . ., the board shall make an award to reimburse the claimant for his costs in the proceedings, including a reasonable attorney fee. . . .

■ When the carrier paid Brown $10,-429 in temporary total disability compensation for the period January, 1975, to January, 1976, it also paid him an additional sum of $1,192.93. This amount represented attorney's fees computed under section 145(a) since, as the carrier admits, Brown's claim had been controverted by the carrier, and that section, rather than section 145(b), applies to controverted claims.[2] However, the carrier refused to pay attorney's fees on any temporary disability compensation paid beyond the $10,429.

Brown then filed a second application for adjustment of claim. He maintained that he was entitled to a statutory attorney's fee computed on $19,571, the difference between the total compensation paid, $30,000, and the $10,429 originally paid by the carrier as compensation for the period January, 1975, to January, 1976. The board denied Brown's claim. On appeal, the superior court reversed the board, concluding that an additional attorney's fee based on the payment of $19,571 was due since the entire $30,000 compensation had been controverted.

■ The superior court was correct. The only reason the $10,429 was paid in one lump sum in January, 1976, was because it represented the accumulation of past-due payments covering the preceding year. The carrier admits that this amount had been controverted. But the carrier had not denied responsibility for that amount alone. What it had controverted or denied in January, 1975, was its obligation to pay any compensation at all for temporary total disability. The efforts of Brown's attorney did not result in payment by the carrier of only $10,429. Those efforts resulted in the payment of compensation in the amount of $30,000. What was paid by the carrier in semi-monthly installments[3] after January, 1976, was simply the balance due on the maximum of $30,000 for temporary total disability. In January, 1975, when the carrier controverted Brown's claim, this balance due—$19,571—had as much been controverted by the carrier as the accumulated payments made in a lump sum of $10,429 in January, 1976. Brown is entitled to an additional amount for attorney's fees based on the sum of $19,571, which, under the schedule contained in section 145(a), is $1,957.07.

The carrier[4] also argues that an award of attorney's fees on the post-January, 1976, compensation payments to Brown would in essence pay his attorneys for work they had not done. This argument misses the point. The work was done in connection with Brown's entire claim, in its full duration. In *Alaska Interstate v. Houston,* 586 P.2d 618, 620–21 (Alaska 1978), this court affirmed an award of attorney's fees of $28.53

---

2. *Wien Air Alaska v. Arant,* 592 P.2d 352, 364 (Alaska 1979); *Haile v. Pan American World Airways, Inc.,* 505 P.2d 838 (Alaska 1973). No formal "notice of controversion" is required. *Alaska Interstate v. Houston,* 586 P.2d 618 (Alaska 1978).

3. AS 23.30.155(b) provides:
    (b) The first installment of compensation becomes due on the 14th day after the employer has knowledge of the injury or death. On this date all compensation then due shall be paid. Subsequent compensation shall be

paid in installments, semimonthly, except where the board determines that payment in installments should be made monthly or at some other period.

4. The nominal appellant here is the State of Alaska Department of Highways. We use the term "carrier" as referring to the appellant for purposes of convenience, since the carrier is responsible for the payment of the workers' compensation benefits, including attorney's fees.

per week that might last for the rest of the claimant's life. Although the claimant, Houston, had a life expectancy of 13 years when the fee award was made, this court did not find the award excessive. Obviously, the payments in *Houston* were delayed compensation for prior legal work. The same rationale governs here.

Section 145(a) of AS 23.30 provides in part:

> When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to *compensation awarded;* the fees may be allowed only on the *amount of compensation controverted and awarded.* [Emphasis added.]

The carrier argues that attorney's fees are not required to be paid under this statute because the compensation due Brown was paid voluntarily and not "awarded" by the Workmen's Compensation Board.

Through the efforts of Brown's attorney in obtaining substantial medical evidence establishing that Brown's injury was work-related after all, the case had reached a point where the carrier apparently concluded that any further resistance to, or controversion of, Brown's claim for compensation would be futile. Under these circumstances, it is fair to presume that the carrier believed that if the claim were controverted further, the ultimate result would be a decision by the Board awarding Brown the compensation to which he was entitled. In this situation, the carrier's payment of the compensation can fairly be construed as the equivalent of "awarding" such compensation to Brown in the general sense of granting that which is merited or due.[5] Such a construction is further borne out by the carrier's payment, in addition to compensation, of the initial attorney's fee computed precisely on the basis of the "amount of compensation controverted and awarded," as required by section 145(a) of the statute.

The judgment of the superior court is affirmed.

CONNOR, J., not participating.

---

5. The transitive verb "award" means "to grant as merited or due." American Heritage Dictionary 92 (1973).