Edwin BIGNELL, Appellant,

v.

**WISE MECHANICAL CONTRACTORS
& Industrial Indemnity Company of
Alaska, Inc., Appellees.**

No. S–742.

Supreme Court of Alaska.

May 30, 1986.

James A. Parrish and Lance C. Parrish, Parrish Law Office, Fairbanks, for appellant.

Liam J. Moran, Hagans, Brown & Gibbs, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

### I. *History.*

This case involves the question of whether an employee can recover multiple attorney's fees when his employer controverts his workers' compensation claim more than once. Edwin Bignell was injured in the course and scope of employment while employed by Wise Mechanical Contractors.

Wise was insured for workers' compensation claims by Industrial Indemnity Company of Alaska, Inc. (Both will be collectively referred to as "Wise.") Bignell injured his back on March 9, 1978 when he slipped while carrying some lumber. Wise paid temporary total disability benefits to Bignell until July 20, 1979, when it paid him a $6,000 permanent partial disability benefit.[1]

Bignell then filed an application for adjustment of claim, seeking continued payment of temporary total disability benefits. On March 6, 1980, the Alaska Workers' Compensation Board (the board) ruled that because Bignell was a prospective rehabilitation candidate, he remained temporarily disabled and should continue to receive temporary total disability benefits while being retrained. The board also ordered Wise to pay Bignell an attorney's fee pursuant to AS 23.30.145(a).[2] Section (a) sets a minimum attorney fee equal to 25% of the first $1,000 of compensation and 10% of any compensation greater than $1,000.[3]

Wise appealed the board's order to the superior court.[4] The superior court re-

---

1. Wise stopped paying temporary benefits when Bignell's medical condition became stable and stationary.

2. Section 23.30.145. Attorney fees.

    (a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

    (b) If an employer fails to file timely notice of controversy or fails to pay compensation or medical and related benefits within 15 days after it becomes due or otherwise resists the payment of compensation or medical and related benefits and if the claimant has employed an attorney in the successful prosecution of the claim, the board shall make an award to reimburse the claimant for the costs in the proceedings, including a reasonable attorney fee. The award is in addition to the compensation or medical and related benefits ordered.

    (c) If proceedings are had for review of a compensation or medical and related benefits order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation or medical and related benefits ordered and shall be paid as the court may direct.

3. The attorney's fees award was to be calculated on benefits due in excess of the uncontroverted $6,000 permanent partial disability payment.

4. Following the filing of the Notice of Appeal, Industrial Indemnity obtained a stay of the board's award from a superior court judge and therefore did not initially pay Bignell workers' compensation benefits during the pendency of the appeal. Upon Bignell's motion for change

versed the board, holding that temporary total disability ended once Bignell's medical condition became stable. In turn this court reversed the superior court in *Bignell v. Wise Mechanical Contractors*, 651 P.2d 1163 (Alaska 1982), holding that Bignell was entitled to temporary disability benefits while he was participating in vocational rehabilitation. Bignell then made a motion to this court for attorney's fees on appeal. This motion was not immediately decided.

During the pendency of the appeal in the supreme court, Bignell participated in vocational rehabilitation training at the Colorado School of Trades. In February 1981, Bignell discontinued this training. He petitioned the board for an award of permanent total disability benefits, and the board denied the request and suspended his temporary disability benefits as well on May 14, 1982.

On June 16, 1982, Bignell contacted the Alaska Division of Vocational Rehabilitation (DVR) and expressed an interest in resuming his vocational rehabilitation.

On November 2, 1982, the board held a hearing to settle the parties' disputes regarding Bignell's temporary disability benefits during vocational rehabilitation, costs, and attorney's fees. The major issue was the date on which Bignell again became entitled to temporary total disability benefits. Wise contended that Bignell was not entitled to the benefits until he actually entered a rehabilitation program, which at that point he had not yet done.

In its March 18, 1983 decision, the board found that Bignell was entitled to temporary total disability benefits from June 16, 1982, when he contacted DVR to resume training, through the continuance of his disability or until there was substantial evidence that he was not cooperating with efforts of rehabilitation. In addition to reinstating Bignell's temporary disability benefits, the board ordered the payment of

"statutory minimum attorney's fees and legal costs pursuant to AS 23.30.145(a)." Bignell did not appeal this decision.

On April 26, 1983, this court issued an order addressing Bignell's previous motion for attorney's fees for work performed at the appellate level. We stated that Bignell could apply to the superior court for an award of attorney's fees pursuant to AS 23.30.145(c) after attorney's fees had been set by the board under AS 23.30.145(a) and (b).

In response to this order, Bignell filed an application for adjustment of claim, asking the board to "determine attorney's fees pursuant to AS 23.30.145(a) and (b) as set forth in the Supreme Court Order dated April 26, 1983." The board held a hearing on this application on July 12, 1983. At this hearing Bignell argued that the board's two previous awards of statutory minimum attorney's fees should be compounded. Bignell maintained that he should receive 25% of the first $1,000 and 10% thereafter of all the benefits he had received since Wise first controverted his claim, and in addition, 25% of the first $1,000 and 10% thereafter of the benefits Bignell had received since Wise controverted his claim a second time. In other words, Bignell wants a doubled attorney's fees award for the benefits due after June 16, 1982.

The board issued an order on September 28, 1983, in which it stated:

1. Employee is entitled to an award of statutory minimum attorney's fees of 25 per cent of the first $1,000 and 10 per cent of all amounts in excess of $1,000 paid as compensation for the periods from July 20, 1979, through May 7, 1981. He is also entitled to statutory minimum fees of 25 per cent of the first $1,000 and 10 per cent thereafter of all compensa-

---

of venue the case was assigned to another superior court judge who subsequently vacated the stay. Wise then petitioned to the supreme court and the issue was resolved in Bignell's favor in *Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085 (Alaska 1981). Thus, following the peti-

tion for review, some temporary total disability benefits were paid while the question of Bignell's entitlement to temporary total disability benefits was being examined on appeal. However, the attorney's fees ordered were not paid.

tion paid from June 16, 1982, through retraining.

Bignell appealed this decision to the superior court, and Wise appealed another aspect of the case. The parties agreed to stay these appeals pending determination by the board of Bignell's motion for reconsideration of reasonable attorney's fees. At the hearing on this motion, Bignell again argued that he was entitled to double the statutory minimum fee since Wise had twice controverted his claims for compensation. Alternatively, Bignell argued that he was entitled to a reasonable amount under § 145(b) for the work he performed re-establishing his right to compensation when Wise controverted it the second time.

Wise objected to Bignell's arguments on the ground of res judicata; it argued that the issue of Bignell's entitlement to attorney's fees was foreclosed as a result of his failure to appeal the board's March 18, 1983 decision.

The board denied Bignell's motion for reconsideration of its September 28, 1983 order. It held that the single statutory minimum fee award constituted a reasonable fee and that Bignell was not entitled to an award in excess of that sum. It found that Bignell had received $8,000 in statutory minimum attorney's fees which, based on 67 hours of work, constituted a compensation of $120 per hour.[5]

In its March 5, 1984 decision the board stated in part:

> If we were to apply employee's mathematical formula, the award of attorney's fees would greatly exceed an amount we consider to be fair and reasonable given the facts of this case. We believe that the purpose of AS 23.30.145 is to provide a fair and reasonable award of attorney's fees. To achieve this goal, the Board will apply the provisions set forth in AS 23.30.145 to determine whether a fee in excess of the statutory minimum should be awarded. We do not believe that this goal is achieved by utilizing the formula suggested by employee in this case.

In view of its resolution of the attorney fee issue, the board held the defense of res judicata to be moot.

On appeal the superior court ruled that Bignell had failed to establish that the board abused its discretion in the March 5, 1984 decision awarding the statutory minimum attorney fee. This appeal followed.

## II. *Res Judicata.*

Wise contends that Bignell cannot argue the issue of attorney's fees because of the doctrine of res judicata.

On March 18, 1983, the Workers' Compensation Board issued an order that, among other things, awarded Bignell statutory minimum attorney's fees. This was the second time that the board had awarded Bignell § 145(a) attorney's fees, and the order did not indicate how this award related to the previous award. Bignell did not appeal this order.

On April 26, 1983, this court issued an order addressing a motion Bignell had previously made for attorney's fees for work performed at the appellate level. We stated that Bignell could apply to the superior court for an award of appellate attorney's fees after attorney's fees had been set by the board under AS 23.30.145(a) and (b).[6]

In response to this order, Bignell filed an application for adjustment of claim with the board. At the July 12, 1983 hearing Bignell argued that the two statutory minimum attorney's fees awards should be compounded. Wise did not raise the issue of res judicata at this hearing, but argued that there was no statutory support for doubling statutory minimum attorney's fees awards. On the motion for reconsid-

---

**5.** Bignell's attorney had filed an affidavit establishing that he had expended 67 hours in pursuing his client's claim before the board.

**6.** The board's exact fee award is relevant to the superior court's determination of appellate attorney's fees. The superior court will adjust appellate attorney's fees downward when application of the statutory minimum formula produces a disproportionately large award for the board proceeding. *See Wien Air Alaska v. Arant,* 592 P.2d 352, 366 (Alaska 1979).

eration, Bignell again argued that he was entitled to double statutory minimum fees. At this hearing Wise objected on the grounds of res judicata. The board denied reconsideration and the superior court ruled that the board did not abuse its discretion. The res judicata issue was never actually decided below.

Wise maintains that Bignell was precluded from arguing to the board that he was entitled to attorney's fees exceeding what the board had previously awarded in its orders of March 6, 1980 and March 18, 1983 because he did not appeal those awards. Bignell argues that the language of both fee awards indicates that a second, new award was granted at the March 18, 1983 hearing. He asserts that the March 18, 1983 order cannot be fairly read so as to have put him on notice to appeal; the parties, in good faith, simply interpreted the orders differently.

■ The first issue we must decide is whether the principles of res judicata apply to a judgment of the Alaska Workers' Compensation Board. Wise argues that res judicata applies to workers' compensation proceedings,. and Bignell does not dispute this. We agree with this view. The same considerations of efficiency and fairness that limit civil plaintiffs to "one bite of the apple" apply equally to workers' compensation proceedings.[7]

■ The second issue is whether Wise's application of res judicata is appropriate in this case. When a valid and final personal judgment is rendered in favor of the plaintiff, the plaintiff cannot thereafter maintain an action on the original claim or any part thereof. Restatement (Second) of Judgments § 18(1) (1982). Wise's res judicata objection is misplaced in this case. Bignell made a claim for attorney's fees in the proceeding that resulted in the order of March 18, 1983. The order granted him the statutory minimum fees based on a formula incorporating future disability ben-

efits. The board held its July 12, 1983 hearing in order to determine the exact amount of attorney's fees due Bignell under the March 18, 1983 order, in response to our order requesting such a determination. Bignell did not make a claim for attorney's fees in the second action; he was not disputing the award he received in the first action. Rather, he was asking that the amount previously awarded be determined. During the latter proceeding, it became apparent that the parties had different interpretations of the two statutory minimum attorney's fees awards. Therefore the proper focus is on issue preclusion rather than claim preclusion. Wise's only feasible claim is that Bignell was precluded from raising the issue of how to compute the second award because that issue had been determined in a prior proceeding.

■ To warrant collateral estoppel, an issue must have been actually litigated and determined in the first action by a valid and final judgment, and the determination must have been essential to the judgment. Restatement (Second) of Judgments § 27 (1982). When an issue is properly raised by the pleadings or otherwise, is submitted for determination, and is determined, the issue is actually litigated within the meaning of this section. *Id.*, comment d.

■ The record contains no indication that the issue of how to compute the second attorney fee award was actually litigated in the November 2, 1982 proceeding, which produced the March 18, 1983 order. The burden of pleading and proving the identity of issues rests on the party asserting the estoppel. *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 (9th Cir. 1980). To sustain this burden a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. *Id.* Wise has not met its burden of proving that the

7. *See* 3 A. Larson, The Law of Workmen's Compensation § 79.72(a), at 15–426.226 (1983) (As to res judicata in compensation related matters, the beginning point is recognition of the proposition that res judicata does apply to the decisions of compensation boards and commissions no less than to the decisions of a court.)

issue was actually litigated and decided in the first action.

The record indicates that at the November 2, 1982 hearing, the parties addressed the issues of temporary total disability, vocational rehabilitation, transportation costs, penalties, costs, and attorney's fees. The resulting order of March 18, 1983 addressed the issues of Bignell's entitlement to reinstated temporary total disability benefits, transportation costs, and attorney's fees. With regard to attorney's fees, the order states only, "We find the employee obtained the services of an attorney who assisted him in the successful prosecution of his claim. We conclude the employee is entitled to the statutory minimum attorney fee and his legal costs under AS 23.30.-145(a)." The board did not decide, and apparently did not consider, whether this award was to be added to the March 6, 1980 award to constitute doubled § 145(a) attorney's fees.

■ On this record we cannot say that the workers' compensation board held in its March 18, 1983 order that the award of attorney's fees was not to be compounded with the previous award. Therefore, Wise has not established that this issue was actually litigated in that proceeding, and Bignell was not precluded from raising it in the July 12, 1983 hearing.

III. *Double Minimum Statutory Attorney's Fees.*

Bignell argues that Wise controverted his claim on two occasions; he challenged Wise both times; and the board awarded him § 145(a) attorney's fees both times. The first award is computed as a percentage of his compensation beginning when Wise first controverted it and continuing indefinitely as to all benefits thereafter. The second award is computed as a percentage of his compensation beginning when Wise controverted it a second time and continuing as to all benefits thereafter. Therefore, Bignell contends, when he was awarded attorney's fees the second time, he was still entitled to attorney's fees for his first compensation award. During this "overlap" period, Bignell argues, the § 145(a) percentage should be doubled.

In its March 6, 1980 decision the board found a controversion and awarded Bignell § 145(a) attorney's fees for the benefits then due and for all future benefits. Bignell contends that this is the correct award under *State, Department of Highways v. Brown,* 600 P.2d 9 (Alaska 1979), since Wise controverted Bignell's entitlement to receive all future benefits. Bignell asserts that by virtue of the second statutory fee award, he is entitled to a double award for the compensation paid after June 16, 1982, the date Wise should have resumed Bignell's temporary disability benefits. He points out that if Wise had not controverted his compensation a second time, the first minimum fee would have applied to the total payment. Wise, however, again controverted Bignell's entitlement when he resumed vocational rehabilitation in 1982, and Bignell had to counter Wise's new line of defense. Unless the awards were then doubled Bignell's attorney would not be compensated for any work he did the second time Wise controverted Bignell's claim.

Wise contends that Bignell's original entitlement to statutory minimum attorney's fees ended on May 7, 1981 when he discontinued vocational rehabilitation. His second statutory minimum attorney's fees award alone applied to the temporary disability benefits that commenced on June 16, 1982 and continued through Bignell's completion of his second vocational rehabilitation program. Thus, Wise argues that at no time should the attorney's fees be compounded.

The board did not explain its reasons for refusing to grant Bignell double statutory minimum attorney's fees awards other than to discuss the reasonableness of the award. It appears that the board intended the attorney's fees awards to be distinct and to apply separately to the two discrete compensation awards. In its March 6, 1980 order, the board stated that, "Future temporary total disability benefits are to be paid so long as the applicant continues to do his utmost to minimize his damages by

proper medical treatment and completion of a vocation rehabilitation evaluation." The board also awarded § 145(a) attorney's fees "on all temporary benefits due in excess of the $6,000.00 advance and continuing on future benefits."

Bignell discontinued vocational rehabilitation and the board suspended his entitlement to any benefits on March 14, 1982. When he later began a second vocational rehabilitation program, Wise again controverted his entitlement. Bignell successfully challenged Wise and was again awarded statutory minimum attorney's fees. It is unlikely that at this point the board considered the first § 145(a) award still operative.

The issue of whether Bignell's first attorney's fees award should have continued to accrue on his second compensation award turns upon the application of *Brown* to the facts of this case.

In *Brown*, Brown claimed that he was injured in the course and scope of employment with the State Department of Highways in December 1974. The state's workers' compensation carrier originally accepted the claim, but later stopped making payments in January 1975 when his physician, Dr. Ha, found that Brown's condition was due to a giant cell tumor that was neither caused nor aggravated by the employment injury. Brown disputed the carrier's action and filed an application for adjustment of his claim. Two physicians who examined Brown later found the condition to be work related, and Dr. Ha modified his previous opinion. The state then accepted Brown's claim without a hearing and paid compensation for the period of January 1975 to January 1976 in the amount of $10,429. In addition, the state paid attorney's fees pursuant to § 145(a) on the $10,429.

Brown eventually collected $30,000 in workers' compensation benefits, but the carrier refused to pay § 145(a) attorney's fees on the remaining $19,571 that Brown received. Brown applied to the board for attorney's fees and his claim was rejected. The superior court reversed the board and awarded Brown § 145(a) attorney's fees on the remaining $19,571.

In affirming the superior court's award, we stated:

What [the carrier] had controverted or denied in January, 1975, was its obligation to pay any compensation at all for temporary total disability. The efforts of Brown's attorney did not result in payment by the carrier of only $10,429. Those efforts resulted in the payment of compensation in the amount of $30,000.

600 P.2d at 11.

Bignell maintains that under the holding in *Brown*, his attorney did not have to perform any work after the first hearing on his claim in order for the fee to be due. If the carrier had paid as required, the minimum fee would have applied to all of Wise's payments. Furthermore, Bignell contends, it is irrelevant that there was a period when he was not collecting any workers' compensation benefits. When a temporary suspension of compensation occurs, attorney's fees are also temporarily suspended because fees apply only on compensation paid. Once compensation resumes, however, attorney's fees should resume as well.

Bignell's suggested application is consistent with the *Brown* case. Wise, in its original controversion, denied responsibility to ever again pay Bignell temporary disability benefits, and his attorney's efforts established his entitlement to receive temporary disability payments when in vocational rehabilitation. Had Wise paid Bignell's benefits without dispute when Bignell resumed vocational rehabilitation, arguably the attorney's fees award should have been resumed, because Bignell's attorney had already established Bignell's entitlement to temporary disability benefits while engaging in vocational rehabilitation.

Bignell, however, does not address the question of precisely when his entitlement to benefits under the first award resumed. In response to Wise's first challenge, Bignell's attorney established Bignell's entitlement to receive temporary benefits while participating in a vocational rehabilitation

program. He did not establish Bignell's entitlement to receive benefits after contacting the DVR and before actually beginning the program. This court did not decide this question in *Bignell v. Wise Mechanical,* 651 P.2d 1163. When Bignell resumed vocational rehabilitation in 1982, Wise controverted his entitlement to receive temporary benefits before entering the program. Wise conceded that Bignell was entitled to temporary compensation benefits after he entered a program. The dispute was over an entitlement that Bignell's attorney had not previously established.

Thus, Bignell's attorney initially established Bignell's entitlement to receive benefits whenever he was engaged in vocational rehabilitation. Under *Brown,* his efforts should be rewarded with § 145(a) attorney's fees computed on all benefits paid as a result of successfully challenging the controversion. The attorney's initial efforts did not necessarily entitle Bignell to receive temporary compensation for the period between the time he contacted the DVR and the day he actually entered the program. Bignell's attorney established this entitlement only after Wise controverted it in 1982.

 The amount controverted the second time consisted of the benefits due from June 16, 1982, when Bignell contacted the DVR until he entered the program.[8] The second § 145(a) attorney's fees award therefore should be computed only on those benefits.

The result of this analysis is that Bignell's attorney is not entitled to double benefits at any time. The first § 145(a) award entitles him to attorney's fees computed from Bignell's benefits received from July 20, 1979 through February 27, 1981, when Bignell discontinued rehabilitation, and from his benefits received when he entered a rehabilitation program a second time until he discontinued it a second time. The second § 145(a) award entitles him to attorney's fees computed from his benefits received from June 16, 1982 until he entered a rehabilitation program the second time.[9]

AFFIRMED in part, MODIFIED in part, and REMANDED for determination of attorney's fees consistent with this opinion.

---

**8.** The record does not specify the date when he resumed retraining.

**9.** We express no opinion as to whether § 145(a) fees can ever be doubled. That issue will be addressed in the event we are presented with the circumstance where an employer has twice controverted an employee's entitlement to the same benefits.

Bignell also argues that, at a minimum, additional fees are mandated by § 145(b). Notwithstanding this position, Bignell maintains that the second dispute was a controversion in fact, rendering § 145(a) fees appropriate. Wise does not disagree. The § 145(a) formula applies to "controverted" claims, and the § 145(b) grant of reasonable attorney's fees applies to an employer who otherwise fails to make payment of compensation. *Wien Air Alaska v. Arant,* 592 P.2d 352, 364 (Alaska 1979); *Haile v. Pan American World Airways, Inc.,* 505 P.2d 838, 840 (Alaska 1973).

The second dispute between Bignell and Wise clearly involved a "controversion." Therefore, § 145(a) minimum statutory attorney's fees for the period in controversy was the correct award, and Bignell is not entitled to any additional award.