**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANETTE DUNKLE, | No.    14-36039 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:14-cv-00005-RRB |
| JENNIFER DALE, in her individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Janette Dunkle appeals the district court's dismissal of her complaint based

on the preclusive effect of previous litigation in Alaska child in need of aid

("CINA") proceedings.  Reviewing de novo, *Holder v. Holder*, 305 F.3d 854, 863

(9th Cir. 2002), we reverse and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** "[F]ederal courts generally give state court judgments the same issue preclusive effect that they would be given by the rendering court." *Id.* at 866. Under Alaska law, issue preclusion bars relitigation when four requirements are met:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.

*Powercorp Alaska, LLC v. Alaska Energy Auth.*, 290 P.3d 1173, 1182 (Alaska 2012) (quoting *State, Dep't of Health & Soc. Servs., Office of Children's Servs. v. Doherty*, 167 P.3d 64, 71 (Alaska 2007)). Here, the defendants failed to carry their burden of establishing the second and third requirements. *See Smith v. Stafford*, 189 P.3d 1065, 1075 (Alaska 2008) (stating that the party asserting preclusion bears the burden of pleading and proof).

**2.** Dunkle argues that the defendants violated her constitutional right to familial association because no exigent circumstances justified removing A.F. without prior court authorization. *See Mabe v. San Bernardino County*, 237 F.3d 1101, 1106-10 (9th Cir. 2001). That claim is not identical to any issue adjudicated in CINA proceedings. *See Powercorp Alaska, LLC*, 290 P.3d at 1182; *Smith*, 189

2

P.3d at 1075-76. Alaska law permits social workers from the Department of Health and Social Services to take emergency custody of a child if they determine "that immediate removal from the child's surroundings is necessary to protect the child's life or that immediate medical attention is necessary," Alaska Stat. § 47.10.142(a)(2), but it does not require the state courts adjudicating CINA cases to make such a finding, *see generally id.* § 47.10.142.

Nor was this issue actually litigated in the underlying CINA case here. During the CINA proceedings, Dunkle never challenged the initial removal of A.F. *See In re Adoption of A.F.M.*, 15 P.3d 258, 268 (Alaska 2001) (requiring that an issue be "properly raised" by the parties and "submitted for determination" to be entitled to preclusive effect) (quoting *Bignell v. Wise Mech. Contractors*, 720 P.2d 490, 494 (Alaska 1986)). The CINA court found that Dunkle's drug abuse created a "substantial risk of harm" to A.F., and that placement with Dunkle would expose A.F. to "further risk of harm" and be "contrary to her welfare." But the court did not purport to determine whether a risk of *imminent* harm justified the initial, warrantless removal.

3. Similarly, issue preclusion does not bar Dunkle's claim that social worker Jennifer Dale fabricated four statements in her emergency petition to have A.F. declared a CINA. Although the court implicitly credited Dale's testimony in

3

finding probable cause and subsequently adjudicating A.F. to be a CINA, the court was never asked to resolve and did not determine whether any of these four statements was fabricated. *See In re Adoption of A.F.M.*, 15 P.3d at 268. Moreover, the issues in the two proceedings are not identical for preclusion purposes simply because Dale's testimony was credited in the CINA proceedings. *See Smith*, 189 P.3d at 1075-76; *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1108 n.10 (9th Cir. 2010) ("Even if the state court or the administrative agency addressed the truthfulness of [the social worker's] reports, neither decided whether [she] deliberately fabricated evidence.").

4.     Because Dunkle's claims are not barred by issue preclusion, the district court erred in dismissing the complaint on that basis. We therefore reverse and remand for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**

4