Jack J. SHERMAN, Appellant,

v.

HOLIDAY CONSTRUCTION COMPANY, Maryland Casualty Company and Alaska Workmen's Compensation Board, Appellees.

No. 822.

Supreme Court of Alaska.

Dec. 7, 1967.

Robert M. Libbey, Kay, Miller, Jacobs & Libbey, Anchorage, for appellant.

James K. Singleton and Daniel A. Moore, Jr., Delaney, Wiles, Moore & Hayes, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant was injured in an industrial accident on June 30, 1964, while employed by appellee, Holiday Construction Company. As a result, he received compensation for total disability from June 30, 1964 through October 15, 1964. On August 6, 1964, appellant filed a request with the Alaska Workmen's Compensation Board for a permanent disability rating and award. The board held two hearings on appellant's request and found that his permanent disability rating as a "whole man" was 19 per cent and that as a result of the permanent disability he had sustained a 25 per cent loss in earning capacity. The board concluded that pursuant to section 190(20) of the Workmen's Compensation Act appellant was entitled to receive $4,-250, computed on the basis of his 25 per cent loss of earning capacity times the maximum sum of $17,000 allowable under sections 190(20) and 155(l) of the act.[1]

---

1. AS 23.30.190 of the Alaska Workmen's Compensation Act in pertinent part states as follows:

*Compensation for permanent partial disability.* In case of disability partial in character but permanent in quality the compensation is 65 per cent of the average weekly wages in addition to compensation for temporary total disability or temporary partial disability

The board ordered that appellant be paid $100 weekly until the sum of $4,250 had been paid.

On March 29, 1966, appellant appealed the board's award to the superior court alleging that the board had not applied the method of compensation called for by section 190(20) in making the award. On November 25, 1966, the superior court affirmed the board's order and award and this appeal was taken.

In their agreed statement of facts the parties have agreed in part as follows:

It has been the past uniform practice of the * * * Board to award compensation for permanent partial disability for scheduled and non-scheduled injuries by determining the percentage loss of wage earning capacity and multiplying that percentage by the maximum limit allowable under the appropriate compensation section specified in AS 23.30.190.

Appellant contends that the board had no authority in the Act to multiply the maximum sum allowable for a permanent partial, non-scheduled disability ($17,000) by the per cent of his loss in earning capacity (25 per cent) and contends that in order to comply with section 190(20), the board should have determined the difference between his weekly wages before the injury and his wage-earning capacity after the injury and awarded him 65 per cent of that difference as weekly compensation. Appellant further contends that his right to

the weekly compensation was subject to termination only upon his having received temporary disability payments and permanent partial disability payments totaling $17,000, his death, or a redetermination of the degree of his disability as provided for in section 190(20).

Appellant points out that the method which the board used in determining the award for his non-scheduled, permanent partial disability was the same method formerly provided for in the compensation act that was in effect prior to the Alaska legislature's adoption of the present act in 1959, whereas the present act adopted an entirely different method which is substantially similar to that used in the Federal Longshoremen's and Harbor Workers' Compensation Act.[2] Section 43–3–1(H) ACLA Cum.Supp. (1958) is the relevant provision of Alaska's prior compensation act. This section provided that a claimant's compensation for non-scheduled, permanent partial disability was a sum which bore the same relationship to the amount the claimant would be entitled to if he were totally and permanently disabled as the loss of his earning capacity in percentage bore to 100 per cent. The relevant provision of the federal act is identical in all material respects to section 190(20) of Alaska's present act.

Appellant argues that since Alaska's present act was patterned after the Federal Longshoremen's and Harbor Workers'

---

paid in accordance with §§ 185 or 200 of this chapter, respectively, and shall be paid to the employee as follows:

   *     *     *     *     *

(There follows herein 19 types of stated injuries, commonly referred to as "scheduled injuries", with the maximum allowable compensation for each.)

(20) in all other cases in this class of disability the compensation is 65 per cent of the difference between his average weekly wages and his wage-earning capacity after the injury in the same employment or otherwise, payable during the continuance of the partial disability; but subject to reconsideration of the degree of the impairment by the board on its own motion or upon ap-

plication of a party in interest * * *. AS 23.30.155 in pertinent part states as follows:

(l) The total compensation payable under this chapter for injuries may in no event exceed the sum of $20,000. This subsection does not apply to cases of permanent total disability or death. In a case of disability compensable under § 190(20) of this chapter, the total compensation for that disability, and for a temporary total disability or temporary partial disability sustained in addition to it, may not exceed in the aggregate the sum of $17,000.

2. 33 U.S.C. §§ 901–950 (1957), specifically section 908(c) (21).

Compensation Act, federal cases which have construed the federal act's counterpart provision in the same manner as appellant would have this court construe section 190 (20), should be persuasive.

Appellees contend that Alaska's present compensation act has incorporated antithetical provisions from both the prior Alaska Workmen's Compensation Act and the federal act and that there are inconsistencies and ambiguities in the present Alaska act which are not found in the federal act. Appellees argue, therefore, that the federal cases cited are not persuasive in determining the proper construction of section 190(20).

Appellees point out that if the relevant provisions of the Alaska act were read literally, absurd results would be obtained.[3] According to appellee's argument the interpretation of section 190(20) which the board followed in this case is justified because it produces the greatest harmony and least inconsistency in calculating compensation for non-scheduled, permanent partial disability.

Concededly, the new Alaska compensation act enacted in 1959 was patterned, in part at least, after the federal act. Section 190 was patterned after section 908(c) of the federal act, the difference between the two sections being that in section 908(c) the compensation provided for the listed scheduled injuries was stated in terms of the total allowable weeks of compensation, with no fixed monetary maximum; whereas section 190 provides for a maximum number of weeks of compensation allowable for the listed scheduled injuries, but also

establishes a maximum monetary amount for each scheduled injury. On the other hand, the wording of section 190(20) of the Alaska act[4] is, for our purposes, identical with section 908(c) (21) of the federal act which establishes no maximum amount. However, section 190(20) is governed by AS 23.30.155($l$)[5] which establishes $17,000 as the maximum aggregate compensation allowable for a permanent partial disability and for a temporary total disability or temporary partial disability sustained in addition to it.

In Cesar v. Alaska Workmen's Compensation Board[6] this court held that because Alaska's act went beyond the scope of the federal act by establishing maximum amounts allowable for scheduled injuries, a difference in legislative intent was indicated and that no federal court decision was in point on the issue raised therein.[7] *Cesar* also held that the legislature intended that the top monetary limit placed on the loss of a whole thumb should be proportionately reduced in the case of loss of less than the whole. The decision of this court in *Cesar* has no doubt been the basis for the past uniform practice of the board to award compensation for permanent partial disability for scheduled and non-scheduled injuries by determining the percentage loss of wage-earning capacity and multiplying that percentage by the maximum limit allowable under the appropriate compensation section specified in AS 23.30.190.[8]

Appellant argues that it is the duty of this court to give literal meaning to the words of section 190(20) unless the court is compelled to do otherwise.

---

3. Appellees argue that it could not have been the legislative intent that one suffering a 25% loss of earning capacity by reason of a non-scheduled injury should receive the maximum allowable under the act ($17,000), whereas one suffering a more serious and disabling scheduled injury should receive considerably less. (For example, under AS 23.30.190(1) the loss of an arm is compensible by "280 weeks' compensation, not to exceed $14,-500").

4. Supra note 1.

5. Supra note 1.

6. 383 P.2d 805, 807 (Alaska 1963).

7. After our decision in *Cesar*, the legislature amended AS 23.30.190 in several respects in 1964 and in 1965. The monetary maximums were not only retained, but in many instances were increased. S.L.A.1964, ch. 46; S.L.A.1965, chs. 24 and 102.

8. See stipulation of the parties hereto quoted on page 4 of this opinion.

The language of Mr. Justice Reed in Armstrong Paint & Varnish Works v. Nu-Enamel Corp.[9] seems particularly applicable to the problem before us:

This Court has had several occasions within the last few years to construe statutes in which conflicts between reasonable intention and literal meaning occurred. We have refused to nullify statutes, however hard or unexpected the particular effect, where unambiguous language called for a logical and sensible result. Any other course would be properly condemned as judicial legislation. However, to construe statutes so as to avoid results glaringly absurd, has long been a judicial function. Where, as here, the language is susceptible of a construction which preserves the usefulness of the section, the judicial duty rests upon this Court to give expression to the intendment of the law.

In view of our decision in *Cesar*[10] where we elected to interpret section 190 so as to achieve what we considered to be a reasonable result in accordance with the legislative intent, and the subsequent consistent interpretations of the board and the superior courts,[11] we hold that the board did not commit error in interpreting section 190(20) as it did.

The judgment is affirmed.[12]

DIMOND, Justice (dissenting).

I dissent. Section 190 of the Alaska Workmen's Compensation Act[1] provides that for a partial permanent disability other than a scheduled loss of a member, compensation shall amount to 65 percent of the difference between the injured employee's average weekly wages and his wage-earning capacity after the injury. Section 155(*l*)[2] provides that such permanent partial disability compensation, together with compensation for a temporary total or temporary partial disability sustained in addition to the permanent partial disability, may not exceed in the aggregate the sum of $17,000. These provisions of the Act are unambiguous. They clearly express the legislative intent. As such, they should be administered as they read, and not construed to mean something entirely different merely because it is believed that the result of such construction may lead to a more desirable result.[3]

The majority mentions appellees' contention that if the relevant provisions of the Act were read literally, absurd results would be obtained. Reference is made to appellees' argument that it could not have been the legislative intent that one suffering a 25 percent loss of earning capacity by reason of a non-scheduled injury should receive the maximum allowable under the Act ($17,000), whereas one suffering a more serious and disabling scheduled injury should receive considerably less. The majority then cites as an example the loss of an arm which, under section 190(1) of the Act, is compensable by 280 weeks of compensation, not to exceed $14,500.[4]

I fail to see any absurdity in the results if the Act is read literally in this case. Assume that appellant's injury consisted of

9. 305 U.S. 315, 332–333, 59 S.Ct. 191, 200, 83 L.Ed. 195, 205 (1938), where a construction of the Federal Trade-Mark Act was involved.

10. See also Tengberg v. Current Const. Co., 385 P.2d 395 (Alaska 1963).

11. Sherman v. Holiday Const. Co., File No. 66–597 (3rd Dist. Alaska 1966); Herger v. Ramstad Const. Co., File No. 66–394 (3rd Dist. Alaska 1966); Warner v. Northern Roofing & Sheet Metal Co., File No. 62–647 (3rd Dist. Alaska 1963); Evanco v. Weaver Bros. Inc., File No. 62–578 (3rd Dist. Alaska 1964).

12. The attention of the Alaska Legislative Affairs Agency is invited to the briefs of the parties hereto which point out the difficulty inherent in giving the various sections of the act a consistent and reasonable interpretation.

1. See note 1 of the majority opinion.

2. Id.

3. Alaska Mines & Minerals, Inc. v. Alaska Indus. Bd., 354 P.2d 376, 379 (Alaska 1960).

4. Note 3 of the majority opinion.

the loss of an arm. For such a scheduled loss, appellant would be entitled to receive a maximum of $14,500 permanent partial disability compensation. But this would be in addition to compensation paid for temporary total or temporary partial disability. In this case appellant received compensation for temporary total disability from June 30 through October 15, 1964, a total of approximately 15.3 weeks. Assuming that appellant's average wages at the time of injury were $400 a week, a figure used by appellees for illustrative purposes in their brief [5], appellant would have received, under section 185 of the Act [6], temporary total disability compensation equal to 65 percent of $400 for 15.3 weeks, or a total of $3,978. This amount, added to the $14,500 maximum amount that could be recovered as permanent partial disability compensation for the loss of an arm, would mean that appellant's total compensation from all sources would have been $18,478.

On the other hand, one compensated under section 190(20) of the Act, as appellant was, could receive maximum compensation of $17,000 under section 155(*l*). This amount includes compensation that may have been paid for temporary total disability and is not, as in the case of a scheduled loss, in addition to such compensation. Thus, it is not necessarily true, as appellee argues, that one suffering a scheduled loss such as an arm would receive considerably less than one suffering a non-scheduled permanent partial disability, as in appellant's case.

Furthermore, the injured employee compensated under section 190(20) is subject to having his degree of impairment reconsidered by the Board either on its own motion or upon application of a party in interest. It is conceivable that a man who suffers a permanent partial disability, which is not a scheduled loss, could be removed from the compensation roll after a time if the Board found that his wage-earning capacity was no longer impaired by the injury. Such a situation, however, does not apply to a scheduled loss. In the latter case, even though the injured employee may, with one arm, eventually suffer no impairment of wage-earning capacity, this would be of no consequence; his compensation for permanent partial disability would not be reduced as in the case of a non-scheduled disability.

I suppose that one might conceive of a hypothetical situation where a person suffers a non-scheduled permanent partial disability and receives overall more compensation than one who has suffered a scheduled loss of a member and whose degree of impairment, so far as working capacity is concerned, is greater than the former. But this does not mean that we have the right to take an unambiguous statute and construe it to avoid what might be considered to be an unfair result. In my opinion this is a situation for legislative consideration and not one for judicial legislation under the guise of judicial construction.

I would reverse the judgment below and remand the case to the Alaska Workmen's Compensation Board for the awarding of compensation in accordance with the express terms of the statute under consideration.

---

5. The record does not show what appellant's average weekly wages were at the time of the injury. In their brief on appeal, the appellees refer to the fact that appellant's argument at the Workmen's Compensation Board hearing was that his average weekly wages exceeded $400.

6. AS 23.30.185 provides:
   *Compensation for temporary total disability.* In case of disability total in character but temporary in quality, 65 per cent of the average weekly wages shall be paid to the employee during the continuance of the disability.