Peter Charles EDWIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2506.

Court of Appeals of Alaska.

Oct. 14, 1988.

---

John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Peter Charles Edwin pled no contest and was convicted of assault in the third degree, a class C felony, in violation of AS 11.41.220(a). It is undisputed that he knowingly assaulted a uniformed police officer acting within the course and scope of his employment. Consequently, Edwin was subject to a presumptive one-year term. AS 12.55.125(e)(3). The trial court found one aggravating factor, that Edwin's conduct was among the most serious contemplated by the definition of the offense. AS 12.55.155(c)(10). The court based this finding on the conclusion that Edwin attempted to stab a police officer in the stomach, and only failed when the knife was deflected by the officer's belt or protective vest. In the court's view, had the blow not been deflected, the officer would have suffered serious physical injury.

On the other hand, the court found that Edwin had an extra-ordinary potential for rehabilitation, and that failure to consider his potential for rehabilitation as a nonstatutory mitigating factor rendered a presumptive one-year sentence manifestly unjust. Under ordinary circumstances, this would warrant referral of Edwin's case to the three-judge panel for sentencing. *See Smith v. State,* 711 P.2d 561 (Alaska App. 1985); AS 12.55.165–.175. It appears the trial court believed that a total sentence in excess of one year, with a period of actual incarceration of less than one year, would be a just sentence. In order to obtain consideration of such a sentence, the trial court was prepared to refer Edwin's case to the three-judge panel. Nevertheless, the court held that under the clear language of the applicable statutes, a presumptive sentence imposed pursuant to AS 12.55.-125(e)(3) could not be modified for aggravating or mitigating factors, nor could it be referred to the three-judge panel even if manifest injustice was found. Consequently, the trial court imposed the one-year presumptive sentence and Edwin appeals.

In order to understand the issue presented in this appeal, it is necessary to look at AS 12.55.125 as it existed before and after amendments in 1983. As originally enacted, AS 12.55.125 was part of a series of statutes establishing presumptive sentencing in Alaska.[1] Presumptive terms could

1. As originally enacted, AS 12.55.125 provided:

(a) A defendant convicted of murder in the first degree shall be sentenced to a definite term of imprisonment of at least 20 years but not more than 99 years.

(b) A defendant convicted of murder in the second degree or kidnapping shall be sentenced to a definite term of imprisonment of at least five years but not more than 99 years.

(c) A defendant convicted of a class A felony may be sentenced to a definite term of imprisonment of not more than 20 years and shall be sentenced to the following presumptive terms, subject to adjustment as provided in [AS 12.55.155–12.55.175]:

(1) if the offense is a first felony conviction, other than for manslaughter, and the defendant possessed or used a firearm or caused serious physical injury during the commission of the offense, six years;

(2) if the offense is a second felony conviction, 10 years;

(3) if the offense is a third felony conviction, 15 years.

(d) A defendant convicted of a class B felony may be sentenced to a definite term of imprisonment of not more than 10 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in [AS 12.55.155–12.55.175]:

(1) if the offense is a second felony conviction, four years;

(2) if the offense is a third felony conviction, six years.

(e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in [AS 12.55.155–12.55.175]:

(1) if the offense is a second felony conviction, two years;

(2) if the offense is a third felony conviction, three years.

only be modified by finding statutory aggravating or mitigating factors, AS 12.55.-155, or, to avoid manifest injustice, by referral to a three-judge sentencing panel. AS 12.55.165–.175. Generally, the legislature limited presumptive sentences to persons previously convicted of one or more felonies. *But see* former AS 12.55.125(c)(1) (establishing a six-year presumptive term for a person convicted of a first class A felony who used a dangerous instrument or caused his victim serious physical injury).

In 1983, the legislature added presumptive terms for first felony offenders who knowingly directed assaultive conduct at identified peace and correctional officers and emergency personnel. Ch. 92, §§ 1–3, SLA 1983. In the same bill, the legislature mandated that misdemeanor defendants who directed assaults at such personnel must be sentenced to a minimum term of thirty days and specified that imposition or execution of this term could not be suspended. Ch. 92, § 5, SLA 1983. The bill also made such conduct an aggravating factor for second and subsequent felony offenders. Ch. 92, § 6, SLA 1983. Finally, the bill provided, referencing AS 12.55.-125(c)(2), (d)(3), and (e)(3), that because the new aggravating factor is an element of the offense, that factor cannot be used again to further aggravate the presumptive sentence. Ch. 92, § 7, SLA 1983.[2]

(f) If a defendant is sentenced under (a) or (b) of this section;

(1) imprisonment for the prescribed minimum term may not be suspended under [AS 12.55.080];

(2) imposition of sentence may not be suspended under [AS 12.55.085];

(3) imprisonment for the prescribed minimum term may not be otherwise reduced.

(g) If a defendant is sentenced under (c)(1), (c)(2), (c)(3), (d)(1), (d)(2), (e)(1), or (e)(2) of this section, except to the extent permitted under [AS 12.55.155–12.55.175]:

(1) imprisonment may not be suspended under [AS 12.55.080];

(2) imposition of sentence may not be suspended under [AS 12.55.085];

(3) terms of imprisonment may not be otherwise reduced.

(h) Nothing in this section or [AS 12.55.-135] limits the discretion of the sentencing judge except as specifically provided.

**2.** AS 12.55.125(a) and (b) were not affected by the 1983 amendments. The remainder of the statute as it currently reads, is as follows:

(c) A defendant convicted of a class A felony may be sentenced to a definite term of imprisonment of not more than 20 years, and shall be sentenced to the following presumptive terms, subject to adjustments as provided in AS 12.55.155–12.55.175:

(1) if the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, five years;

(2) if the offense is a first felony conviction, other than for manslaughter, and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, or knowingly directed the conduct constituting the offense at a uniformed or otherwise clearly identified peace officer, fire fighter, correctional officer, emergency medical technician, paramedic, ambulance attendant, or other emergency responder who was engaged in the performance of official duties at the time of the offense, seven years;

(3) if the offense is a second felony conviction, 10 years;

(4) if the offense is a third felony conviction, 15 years.

(d) A defendant convicted of a class B felony may be sentenced to a definite term of imprisonment of not more than 10 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a second felony conviction, four years;

(2) if the offense is a third felony conviction, six years;

(3) if the offense is a first felony conviction, and the defendant knowingly directed the conduct constituting the offense at a uniformed or otherwise clearly identified peace officer, fire fighter, correctional officer, emergency medical technician, paramedic, ambulance attendant, or other emergency responder who was engaged in the performance of official duties at the time of the offense, two years.

(e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a second felony conviction, two years;

(2) if the offense is a third felony conviction, three years;

(3) if the offense is a first felony conviction, and the defendant knowingly directed the conduct constituting the offense at a uniformed or otherwise clearly identified peace officer, fire fighter, correctional officer, emergency medical technician, paramedic, ambulance attendant, or other emergency responder who was engaged in the performance of

As we have seen, Edwin was subject to a one-year presumptive term by virtue of AS 12.55.125(e)(3). The introductory language to AS 12.55.125(e) suggests that this presumptive term is subject to adjustment as provided in AS 12.55.155–.175. However, AS 12.55.155(a) provides that if a defendant is convicted of an offense and is subject to sentencing under AS 12.55.125(c), (d)(1), (d)(2), (e)(1), (e)(2), or (i), the presumptive term may be adjusted by aggravating or mitigating factors. No reference is made to sentences pursuant to AS 12.55.125(e)(3). By the same token, the introductory language to AS 12.55.165 also cross-references AS 12.55.125(c), (d)(1), (d)(2), (e)(1), (e)(2), and (i), but again makes no reference to AS 12.55.125(e)(3). For this reason, the trial court concluded that the sentences imposed pursuant to AS 12.55.125(e)(3) could not be modified even if the aggravating or mitigating factors were found pursuant to AS 12.55.155, or even if the presumptive sentence was manifestly unjust otherwise warranting referral to a three-judge panel, pursuant to AS 12.55.165–.175.

■ Both the state and Edwin agree that the trial court misinterpreted the statute. Both are also in agreement that when all the applicable statutes are construed together, there is substantial ambiguity as to legislative intent. The state argues that the legislature's failure to cross-reference AS 12.55.155(a) and AS 12.55.165(a) to AS 12.55.125(e)(3) was an oversight. The state maintains that when the statutes are read together, it is clear that the legislature intended the presumptive one-year term to be subject to aggravating and mitigating factors as well as possible referral to the three-judge panel like all other presumptive sentences. While agreeing that the statute is ambiguous and that the legislature did not clearly articulate its intent, Edwin of-

fers an alternate construction based on AS 12.55.125(g) and (h), which currently provide:

(g) If a defendant is sentenced under (c), (d)(1), (d)(2), (e)(1), (e)(2), or (i) of this section, except to the extent permitted under AS 12.55.155–12.55.175, [neither execution nor imposition of sentence may be suspended pursuant to AS 12.55.-080–.085].

(h) Nothing in this section or AS 12.-55.135 [sentences for misdemeanors] limits the discretion of the sentencing judge except as specifically provided.

From these two sections, Edwin infers that the failure to mention AS 12.55.-125(e)(3) in AS 12.55.125(g) means that the trial court may, despite the one-year presumptive sentence, suspend the execution or imposition of the presumptive term, pursuant to AS 12.55.125(h).

Having carefully reviewed the statutes in question and the parties' arguments, we agree that the statutes are ambiguous and that legislative intent must be determined. On the one hand, in the introductory language to AS 12.55.125(e), the legislature suggests that the presumptive terms imposed pursuant to that section are subject to modification pursuant to AS 12.55.-155–.175. On the other hand, no corresponding amendments were made to the introductory language in AS 12.55.155(a) or AS 12.55.165(a). Furthermore, the legislature did not reference AS 12.55.125(e)(3) in AS 12.55.125(g). Bearing in mind our duty to construe statutes to avoid absurd results, *see Sherman v. Holiday Constr. Co.*, 435 P.2d 16, 19 (Alaska 1967), and *Pruett v. State*, 742 P.2d 257, 263 (Alaska App.1987), we believe that the most reasonable interpretation of the statutes is that suggested by the state. The presumptive terms im-

official duties at the time of the offense, one year.
(f) [AS 12.55.125(f)(1)–(3) was not changed by intervening amendments].
(g) If a defendant is sentenced under (c), (d)(1), (d)(2), (e)(1), (e)(2), or (i) of this section, except to the extent permitted under AS 12.55.155–12.55.175:
(1) imprisonment may not be suspended under AS 12.55.080;

(2) imposition of sentence may not be suspended under AS 12.55.085;
(3) terms of imprisonment may not be otherwise reduced.
(h) Nothing in this section or AS 12.55.135 [sentences of imprisonment for misdemeanors] limits the discretion of the sentencing judge except as specifically provided.
(i) [Sets out maximum and presumptive sentences for certain sexual assaults.]

posed pursuant to AS 12.55.125(e)(3) and by extension (d)(3) are subject to modification pursuant to AS 12.55.155–.175.

We reject Edwin's suggestion that imposition or execution of such sentences may be suspended. *See* AS 12.55.-080–.085. In so doing, we recognize the well-established principle of statutory construction favoring a milder penalty over a harsher penalty when there is ambiguity or doubt concerning the severity of the penalty prescribed. *Brookins v. State*, 600 P.2d 12, 17 (Alaska 1979). We also recognize the general rule of statutory construction that ambiguous statutes will be strictly construed in favor of criminal defendants. *State v. Rice*, 626 P.2d 104, 108 (Alaska 1981). However, while penal statutes are to be construed strictly against the state, they are not to be read so narrowly as to deprive them of meaning and effect. *Gilbreath v. State*, 668 P.2d 1354, 1358 (Alaska App.1983). Under the circumstances, the most reasonable interpretation of the statutes is the one adopted here.

The sentence of the superior court is VACATED and this case REMANDED for resentencing taking into account AS 12.55.-155–.175.