Wayne L. DeHART, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2617.

Court of Appeals of Alaska.

Oct. 20, 1989.

---

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Following a jury trial, Wayne L. DeHart was convicted of three counts of assault in the third degree, in violation of AS 11.41.-220(a)(1). Superior Court Judge Richard D. Savell sentenced DeHart to concurrent presumptive terms of one year. DeHart appeals, contending that the superior court erred in failing to instruct the jury that reasonable fear is a necessary element of third-degree assault. DeHart also contends that the court erred in imposing one year presumptive sentences. We affirm DeHart's conviction but remand for resentencing.

On November 4, 1987, DeHart unlawfully shot two moose out of season while hunting with friends in the vicinity of Clear. The following morning, three Alaska State Troopers contacted DeHart near the scene of the kill. As the troopers began to question DeHart about the illegal kill, DeHart drew a pistol from his holster and cocked it. Ignoring warnings to put the gun down, he pointed it away from the troopers and fired a shot into the woods. The troopers immediately disarmed DeHart and placed him under arrest.

DeHart subsequently claimed that his only purpose in drawing and firing the pistol was to warn his nearby hunting companions that the troopers were present. Nevertheless, all three troopers testified that DeHart's actions had placed them in fear of being shot and that this was their reason for disarming and arresting him.

■ At trial, DeHart asked for an instruction requiring the jury to find that the troopers' fear of injury was reasonable. The trial court denied the request. DeHart claims error on appeal. Our recent decision in *Wyatt v. State*, 778 P.2d 1169 (Alaska App., 1989), rejected an identical argument. *Wyatt* is controlling here and compels rejection of DeHart's claim.

At the sentencing hearing, the state alleged that DeHart was subject to presumptive sentencing under AS 12.55.125(e)(3), which requires a one-year presumptive term for any first offender convicted of a class C felony when the offender "knowingly directed the conduct constituting the offense at a uniformed or otherwise clearly identified peace officer ... who was engaged in the performance of official duties...." Judge Savell found that DeHart was aware at the time of the assault that the three victims were state troopers engaged in the performance of their official duties. On this basis, the judge found the presumptive term specified in AS 12.-55.125(e)(3) to be applicable.

In imposing the presumptive term for DeHart's offenses, Judge Savell specifically found that DeHart had fired his gun solely to warn away his hunting compan-

ions, without any intent to threaten or intimidate the troopers. The judge concluded that, under the circumstances, DeHart's conduct was among the least serious within the definition of the offense and that a mitigated presumptive term would, ordinarily, be appropriate under AS 12.55.155(d)(9). Nevertheless, Judge Savell believed that he lacked authority to adjust DeHart's presumptive term—either as a single judge or by referral to the three-judge panel—because neither AS 12.55.155(a) nor AS 12.55.165 expressly incorporated the presumptive term provided for in AS 12.55.125(e)(3) within its provisions.

■ On appeal, DeHart asserts, and the state concedes, that *Edwin v. State,* 762 P.2d 499 (Alaska App.1988), governs. In *Edwin,* we found that the legislature's failure to mention AS 12.55.125(e)(3) in AS 12.55.155(a) and AS 12.55.165 was an oversight. We concluded that the one-year presumptive term is subject to adjustment by a single judge under AS 12.55.155(a) and by the three-judge panel under AS 12.55.165 and AS 12.55.175. Assuming that DeHart were subject to presumptive sentencing under AS 12.55.125(e)(3), the court would not have been precluded from adjusting his presumptive term.

DeHart contends, however, that the sentencing court erred in finding him subject to presumptive sentencing under AS 12.55.125(e)(3). Although DeHart does not dispute being aware that his victims were troopers engaged in performing their official duties, he maintains that the court erred in concluding that he "knowingly directed the conduct constituting the offense" at the troopers, since his assault on the troopers was reckless rather than intentional and his sole purpose in firing his gun was to alert his fellow hunters. The

state counters that AS 12.55.125(e)(3) should be construed to apply so long as DeHart knew that his victims were troopers and acted knowingly in firing his gun.

The state's argument is unpersuasive. By its literal terms, AS 12.55.125(e)(3) applies only when the defendant "knowingly directed the conduct constituting the offense" at a clearly identified officer. As used in the statutory language, the adverb "knowingly" modifies the verb "directed." Thus, the express language of the statute requires more than an act resulting in harm to a person known to be a police officer. For the statute to apply, the court must also find that the defendant's actions were "knowingly directed" at the victim.

The ordinary meaning of "direct" is:

1) To manage the affairs, course, or action of; guide, conduct; regulate

2) To order or command with authority

3) To turn or point (a person or thing) toward an object or goal; aim; head....

*Webster's New World Dictionary* 399 (2d c. ed. 1980). Accordingly, by requiring that the defendant's conduct be "knowingly directed," the statute clearly contemplates a conscious aiming or guiding of the prohibited conduct at an officer.

■ The question of whether the defendant's conduct was "knowingly directed" at a police officer presents a factual issue to be independently determined by the sentencing court, based on the specific circumstances of each case; the state bears the burden of proving the issue beyond a reasonable doubt. *Huf v. State,* 675 P.2d 268 (Alaska App.1984). To meet its burden under AS 12.55.125(e)(3), however, the state need not establish that the defendant acted with any particular objective or goal in mind. In this regard, the statute does not require the state to prove specific intent.[1]

---

1. Alaska's Revised Criminal Code deals with the traditional concept of specific intent by requiring certain offenses to be committed "intentionally." In AS 11.81.900(a)(1), the code defines "intentionally" as follows:

(1) A person acts "intentionally" with respect to a result described by a provision of law defining an offense when the person's conscious objective is to cause that result; when intentionally causing a particular result is an

element of an offense, that intent need not be the person's only objective....

The state is not required to show that the defendant consciously intended to cause any particular result to meet its burden of proof under AS 12.55.125(e)(3). However, if the elements of an offense require proof of specific intent on the part of the defendant toward the victim, then proof of the elements of the offense will almost invariably meet the requirements of

In the present case, Judge Savell found that DeHart drew his pistol and fired it into the woods for the sole purpose of warning his hunting companions. While DeHart's conduct was undoubtedly reckless and placed the three troopers who were speaking with DeHart in fear of imminent harm, the sentencing court's findings preclude a conclusion that DeHart knowingly directed his conduct at the troopers. Insofar as DeHart's conduct was knowingly directed at anyone, it appears to have been directed at his hunting companions and away from the troopers. Under these circumstances, DeHart acted, at most, in conscious disregard of the risk that the troopers would mistake his purpose and be placed in fear.[2] We therefore conclude that the sentencing court erred in finding DeHart subject to presumptive sentencing under AS 12.55.125(e)(3).

The sentence is VACATED, and this case is REMANDED for imposition of a non-presumptive sentence.

AS 12.55.125(e)(3) when the victim is a uniformed or otherwise clearly identified police officer. On the other hand, AS 12.55.125(e)(3) may also apply to cases involving crimes of recklessness. The crime of third-degree assault provides a useful example. Under AS 11.41.-220(a)(1), third-degree assault occurs when a person recklessly places another in fear of imminent serious physical injury by means of a dangerous instrument. The offense may be established by proof of a knowing act in combination with reckless disregard for the consequences of that act. Thus, a defendant who knowingly pointed a pistol at another person without any particular intent or objective but in disregard of a substantial and unjustifiable risk that his action would place the other person in fear of imminent serious physical injury would be guilty of assault in the third degree. Assuming the victim was a uniformed officer engaged in the performance of official duties, the defendant would be subject to presumptive sentencing under AS 12.55.125(e)(3), even if the defendant had no intent to place the officer in fear.

2. Although the sentencing court's finding that DeHart's sole purpose was to warn his companions precludes a finding that he directed his conduct toward the troopers or intended to place them in fear, DeHart's conviction of recklessness establishes that he was aware of and disregarded a substantial and unjustifiable risk that the troopers would be placed in fear as a result of his actions. As defined in AS 11.81.-900(a)(3):

   a person acts "recklessly" with respect to a result ... described by a provision of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur....