**Derrick M. ALEXIE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10091.**

Court of Appeals of Alaska.

April 30, 2010.

---

**19.** *Reekie,* 1999 WL 91810 at *1.

**20.** *Id.* at *2 (citations omitted).

**21.** 596 P.2d at 1157.

**218**

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

Derrick M. Alexie pleaded no contest to first-degree assault under subsection (a)(1) of AS 11.41.200—the provision of the statute that forbids "recklessly caus[ing] serious

physical injury to another by means of a dangerous instrument".

First-degree assault is a class A felony,[1] and sentencing for this offense is governed by AS 12.55.125(c). Because Alexie was a first felony offender, his sentencing was governed by the following two subsections of this statute:

(1) if the offense ... does not involve circumstances described in [paragraph] (2) ..., [the presumptive sentencing range is] five to eight years;

(2) if ... the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury or death during the commission of the offense, ... [the presumptive sentencing range is] seven to 11 years[.]

By entering a no contest plea to first-degree assault under subsection (a)(1) of AS 11.41.200, Alexie necessarily conceded (at least for sentencing purposes) that he caused serious physical injury to another person. Thus, Alexie's sentencing was apparently governed by paragraph (2) quoted above, and the applicable presumptive sentencing range was 7 to 11 years' imprisonment.

But in his pre-sentencing memorandum, Alexie took the position that his sentencing was governed by the lower presumptive sentencing range specified in paragraph (1)—the range of 5 to 8 years. The superior court rejected this argument and ruled that Alexie was subject to the higher sentencing range. Alexie now appeals that decision.

■ In support of the proposition that the lower presumptive sentencing range applies to his case, Alexie relies on this Court's decision in *Pruett v. State,* 742 P.2d 257 (Alaska App.1987).

In *Pruett,* this Court construed the pre-March 2005 version of the two paragraphs quoted above, AS 12.55.125(c)(1) and (2). At that time, these two paragraphs read (in pertinent part):

(1) if the offense ... does not involve circumstances described in [paragraph] (2) ..., [the presumptive term is] five years;

1. AS 11.41.200(b).

(2) if the [defendant's] conviction [is] other than for manslaughter[,] and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, ... [the presumptive term is] seven years[.]

These two former sentencing provisions presented a paradox: A 7–year presumptive term applied to defendants convicted of first-degree assault under AS 11.41.200(a)(1)—that is, defendants who recklessly caused *serious physical injury* to another person by means of a dangerous instrument. But a lower presumptive term—the 5–year term specified in paragraph (1)—applied to defendants who committed manslaughter by recklessly *killing* another person (since paragraph (2) expressly excluded manslaughter convictions from the 7–year presumptive term).

In *Pruett*, 742 P.2d at 263, we acknowledged that "it was theoretically possible to commit manslaughter without using a dangerous instrument", but we concluded that, as a practical matter, a dangerous instrument would be involved "in virtually all manslaughters".

We also noted that, for the same reason, there was only a "very thin" line between first-degree assault under AS 11.41.200(a)(1) (reckless infliction of serious physical injury by means of a dangerous instrument) and the class B felony of second-degree assault under AS 11.41.210(a)(2) (reckless infliction of serious physical injury). We acknowledged that it was "possible to recklessly cause serious physical injury without using a dangerous [instrument]", but we concluded that, given the broad definition of "dangerous instrument" in AS 11.81.900(b), such an occurrence was "unlikely". *Id.*

Based on the foregoing, we held in *Pruett* that, despite the literal wording of AS 12.55.125(c)(1) and (2), "the legislature did not intend the larger [7–year] presumptive term to apply to a reckless infliction of serious physical injury", even when the injury was inflicted with a dangerous instrument—because it was illogical to apply a 7–year presumptive term "to those who recklessly commit assault in the first degree, but only a[5]-year presumptive term to those who, under identical circumstances, kill their victim." *Id.* We concluded that the legislature must have intended the 5–year presumptive term to govern the sentencing of first felony offenders convicted of first-degree assault under AS 11.41.200(a)(1).

In 2005 (almost twenty years after our decision in *Pruett*), the legislature enacted substantial amendments to AS 12.55.125. As part of these amendments, the legislature made changes to AS 12.55.125(c)(1) and (2).

For purposes of Alexie's case, the two pertinent changes are found in paragraph (2). First, the legislature deleted the language that exempted manslaughter convictions from the higher presumptive sentencing range specified in paragraph (2). Second, the legislature added the words "or death" to the list of circumstances that trigger the higher presumptive range specified in paragraph (2). We have italicized this change in the wording:

(2) if ... the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury *or death* during the commission of the offense, ... [the presumptive sentencing range is] seven to 11 years[.]

Because of these two amendments to AS 12.55.125(c)(2), the higher presumptive sentencing range of 7 to 11 years' imprisonment specified in paragraph (2) now applies to all first felony offenders convicted of a class A felony in which the defendant caused the death of another person during the commission of the offense. In other words, this higher presumptive range applies to all first felony offenders convicted of manslaughter.

Thus, under the current version of AS 12.55.125(c)(1)—(2), the same presumptive sentencing range—7 to 11 years' imprisonment—applies both to defendants who are convicted of first-degree assault under AS 11.41.200(a)(1) for recklessly inflicting serious physical injury on another person by means of a dangerous instrument and to defendants who are convicted of manslaughter under AS 11.41.120(a) for recklessly causing the death of another person.

In his brief to this Court, Alexie argues that the reasoning of *Pruett* continues to apply to the amended statute. Alexie contends that, just as it was illogical for the legislature to provide a *lower* presumptive term for defendants convicted of manslaughter (as opposed to defendants convicted of reckless first-degree assault), it is equally illogical for the legislature to now provide the *same* presumptive sentencing range for these two groups of defendants.

As examples of the purported illogic of the current sentencing provisions, Alexie points out that a defendant who recklessly uses (or misuses) a loaded firearm, causing it to discharge, would face the same presumptive sentencing range whether the bullet seriously injured the victim or killed the victim.

Alexie further points out that a defendant who *recklessly* used a loaded firearm and seriously injured another person (and was therefore convicted of first-degree assault under subsection (a)(1) of AS 11.41.200) would face the same presumptive sentencing range as a defendant who *intentionally* caused serious physical injury to another person by means of a firearm (and was therefore convicted of first-degree assault under subsection (a)(2) of the statute).

We acknowledge that most people would view the reckless killing of another person as a more serious offense than the reckless injuring of another person. Similarly, most people would view the act of intentionally injuring another person as a more serious offense than the act of recklessly injuring another person. But under the amended version of AS 12.55.125(c), the legislature has not provided a lesser penalty for the apparently more serious offenses. Rather, the legislature has provided the same penalty.

■■■ In our view, this is a significant difference. Under our system of government, it is the legislature, and not the judiciary, which establishes the punishment or range of punishments for a particular offense.[2] As our supreme court stated in *Alex v. State*, 484 P.2d 677, 685 (Alaska 1971), "Save only as limited by constitutional safeguards, ... the comparative gravity of offenses and their classification and resultant punishment is for legislative determination." For this reason, "generally speaking, a criminal defendant can not challenge the legislature's assessment of the proper penalty range for a particular offense." *State v. Morgan*, 111 P.3d 360, 365 (Alaska App. 2005).

Our criminal code provides several examples of offenses that can be committed in several distinct ways, and where people might reasonably differ as to whether the various types of conduct specified in the statute all deserve the same punishment.

For example, under AS 11.41.220(a)(1)(B), a person commits third-degree assault if they recklessly cause physical injury to another person by means of a dangerous instrument. Thus, a person who recklessly handles a knife and cuts another person (even slightly) is guilty of third-degree assault under this subsection of the statute. On the other hand, under subsection (a)(2) of the same statute, a person commits the same offense, third-degree assault, if they make repeated threats to kill or injure another person with the intent of placing another person in fear for themselves or a family member.

Reasonable people might conclude that these two acts are significantly different, and that they call for significantly different punishments. But under our system of government, that decision is up to the legislature. A court has only limited authority to alter the legislature's determination.

In *Pruett*, we confronted the former version of AS 12.55.125(c), which created an apparently senseless sentencing disparity: defendants who, through an act of recklessness, seriously injured another person were subject to a 7–year presumptive term, while other defendants who engaged in identical conduct but who caused the death of another person were subject to a lesser, 5–year presumptive term. We concluded that this result was so illogical that the legislature simply could not have intended it:

> [W]e conclude that the legislature could not have intended the seven-year presumptive term to apply to those who recklessly

**2.** *See, e.g., Beltz v. State*, 980 P.2d 474, 480 (Alaska App.1999).

commit assault in the first degree, but only a five-year presumptive term to those who, under identical circumstances, kill their victim. *See Sherman v. Holiday Construction Co.,* 435 P.2d 16, 19 (Alaska 1967) (statutes should be construed to avoid absurd results). We therefore conclude that the legislature intended that Pruett and those similarly situated would be subject to the five-year presumptive term rather than the seven-year presumptive term.

*Pruett,* 742 P.2d at 263.

In other words, we did not "overrule" the legislature's determination, nor did we declare the statute unconstitutional. Rather, we attempted to implement the legislature's intent, after concluding that the legislature simply could not have intended the statute to be applied in the way that the words of the statute literally called for.

In Alexie's case, we confront a different situation. AS 12.55.125(c) no longer calls for a lesser sentence for defendants whose reckless criminal conduct results in more blameworthy consequences (death of another person, as opposed to serious physical injury). Rather, the statute now declares that the same presumptive sentencing range applies to both groups of defendants.

Moreover, as we explained earlier, in 2005 the legislature amended subsection (c)(2) of the statute so that it now includes the words "or death". Under the amended form of the statute, the higher presumptive range of 7 to 11 years' imprisonment now expressly applies to first felony offenders convicted of a class A felony if they "caused serious physical or death during the commission of the offense". This demonstrates that the legislature made a deliberate choice to apply the same presumptive sentencing range to first felony offenders convicted of either first-degree assault (*i.e.,* those who cause serious physical injury) or manslaughter (*i.e.,* those who cause death).

Reasonable people might disagree as to the desirability or wisdom of this sentencing framework. But this sentencing framework does not lead to the type of inexplicable sentencing disparity that would allow us to say with assurance that no reasonable legislature could have intended AS 12.55.125(c) to be interpreted this way.

Accordingly, we hold that first felony offenders like Alexie who are convicted of first-degree assault under AS 11.41.200(a)(1) (reckless infliction of serious physical injury by means of a dangerous instrument) are subject to the 7- to 11-year presumptive sentencing range specified in AS 12.55.125(c)(2).

The judgement of the superior court is AFFIRMED.